IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMILLE GROSDIDIER,<br>Personally and as class representative<br><br>1811 T St., NW<br>Washington DC 20009<br><br>       Plaintiffs<br><br>     v.<br><br>JAMES K. GLASSMAN,<br>Chairman, Broadcasting Board of<br>Governors<br><br>301 Independence Ave. SW<br>Washington, D.C. 20237<br><br>       Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORIGINAL COMPLAINT

Now comes the Plaintiff, Camille Grosdidier, personally and on behalf of the class, and states as follows for her Original Complaint against the Defendant, the Chairman of the Broadcasting Board of Governors:

### A. JURISDICTION AND PARTIES

1. This Civil Action is brought pursuant to the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* for review of final agency decisions denying selections to suitably qualified U.S. Citizens in favor of non-U.S. Citizens.

2. This Court has jurisdiction over the controversy here presented pursuant to 5 U.S.C. § 702, 28 U.S.C. § 1331 in conjunction with 22 U.S.C. § 1474(1) and the United States Constitution.

3. Plaintiff is a resident of the District of Columbia and an employee in the French to Africa Division of the Voice of America.

4. All members of the class (including Plaintiff) are citizens of the United States and employees of the Voice of America (VOA).

5. The Defendant Broadcasting Board Governors is an independent agency of the United States Government, located in Washington D.C., which administers and funds the Voice of America.

6. The Defendant is an "agency" within the meaning of 5 U.S.C. 701(b)(1).

7. All decisions and actions referenced herein occurred in the District of Columbia.

8. Venue is appropriate in the United States District Court for the District of Columbia pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(b).

## B. FACTS RELATED TO PLAINTIFF AND CLASS

9. On October 1, 1999, the Broadcasting Board Governors (BBG) became the independent federal agency responsible for all U.S. government and government sponsored, non-military, international broadcasting pursuant to the 1998 Foreign Affairs Reform and Restructuring Act (Public Law 105-277).

10. The BBGs day-to-day broadcasting activities are carried out by individual BBG international broadcasters, including the Voice of America.

11. By statute (22 U.S.C. § 1474(1)), the VOA is only authorized to hire non-U.S. Citizens for service in the United States relating to the preparation and production of foreign language programs when suitably qualified United

   States citizens are not available at the time a particular job vacancy occurs. *See* 22 U.S.C. 1474(1): "In carrying out the provisions of … 22 USC §§ 1431 *et seq*, the Secretary, or any Government agency authorized to administer such provisions, may (1) employ, without regard to the civil service and classification laws, aliens within the United States and abroad for service in the United States relating to the … the preparation and production of foreign language programs <u>when suitably qualified United States citizens are not available when job vacancies occur</u>."

12. Because of the limitations contained in 22 U.S.C. § 1474(1) the BBG has promulgated internal rules that restrict its managers' ability to hire non-U.S. Citizens.

13. With regard to hiring for non-supervisory positions, the BBG's rules eschew the "suitably qualified" standard imposed by 22 U.S.C. §1474(1), and instead permit that "a Non-U.S. citizen may be appointed only after reasonable efforts to recruit <u>equally or better qualified</u> U.S. citizens have been made and have been unsuccessful." BBG Personnel Manual, Section 822.1(a) (<u>emphasis added</u>).

14. With regard to hiring for supervisory positions, the BBG's rules again avoid the "suitably qualified" standard and hold that "As a matter of Broadcasting policy, non-U.S. citizens will not be employed in or promoted to supervisory positions … [except] when the appropriate office or Service Head determines, with the concurrence of the Director of Personnel that the unavailability of an <u>equally or better qualified</u> U.S. Citizen to perform such supervisory … is not

only significantly handicapping the ability of the Office, or Service, to operate, but also is having an adverse impact on Broadcasting's mission." BBG Personnel Manual, Section 822.1(c) (<u>emphasis added</u>).

### C. FACTS RELATED TO PLAINTIFF CAMILLE GROSDIDIER

15. On or about May 22, 2002, Ms. Grosdidier applied for a non-supervisory GS-13 International Broadcaster position (GS-1001-13) in the French to Africa Division of the Voice of America under Vacancy Announcement No. IBB-1-02-120. Plaintiff Grosdidier was deemed qualified on or about June 20, 2002 and was interviewed for the position. On or about July 22, 2002, Plaintiff Grosdidier was denied the position. Instead, a Haitian citizen was selected in her place.

16. On or about February 13, 2006, Ms. Grosdidier applied for a Supervisory GS-13 International Broadcaster position in the French to Africa Division of Voice of America, under Vacancy Announcement No. M/P-06-27. Again, she was deemed qualified for the position and interviewed but denied the selection in favor of a non-U.S. Citizen. The selectee was a citizen of Chad at the time of the selection.

17. The selecting officials in both of the above-referenced promotion actions failed to select Ms. Grosdidier despite the fact that she was a U.S. citizen who was suitably qualified for the positions.

18. In addition to violating the "suitably qualified" provision of 22 U.S.C. § 1474(1), the selecting officials in both of the above-referenced promotion decisions violated the Defendant's own regulations by failing to make the findings required by the Defendant's Personnel Manual in order to select non-citizens for both supervisory and non-supervisory International Broadcaster positions.

### D. ALLEGATIONS RELATED TO THE CLASS

19. This class action suit is being brought pursuant to the Rule 23 of the Rules of the Federal Rules of Civil Procedure.

20. The class includes, two subcategories.

    a. The first category includes all persons who, within the 6-year period of time preceding the filing date of this complaint, have: 1) applied for <u>nonsupervisory</u> positions with the Broadcasting Board of Governors; 2) been deemed qualified (by being included on a Certificate of Eligible Candidates, Best Qualified list or the equivalent thereof); and 3) been denied the promotion in favor of a non-citizen.

    b. The second category includes all persons who, within the 6-year period of time preceding the filing date of this complaint, have: 1) applied for <u>supervisory</u> positions with the Broadcasting Board of Governors; 2) been deemed qualified (by being included on a Certificate of Eligible Candidates, Best Qualified list or the equivalent thereof); and 3) been denied the promotion in favor of a non-citizen.

21. On information and belief, both categories of the putative class are so numerous that joinder of all members is impracticable.

22. Like Ms. Grosdidier, all members of the putative class referenced herein have been subjected to unlawful treatment in violation of 5 U.S.C. § 706 and 22 U.S.C. § 1474(1), in that despite being "suitably qualified" for the positions for which they had applied, they were passed over for selection in favor of non-citizens. Moreover, as was the case with the selections involving Ms. Grosdidier, in addition to violating the "suitably qualified" provision of 22 U.S.C. § 1474(1), the selecting officials, in the selections and promotions involving the class members, violated the Defendant's own regulations by failing to make the findings required by the Defendant's Personnel Manual in order to select non-citizens for both supervisory and non-supervisory International Broadcaster positions.

23. The questions: whether the Defendant Agency's interpretation(s) of 22 U.S.C § 1474(1) and its own regulations was (were) arbitrary and capricious, in excess of statutory authority or limitations, without observance of procedure required by law, and/or unwarranted by the facts before the Agency, is common to the class.

24. Because Ms. Grosdidier was subjected to the treatment on which both categories of the class complaint are founded, her claim is typical of the claims of the class.

25. Ms. Grosdidier is committed to protecting the interests of the class and has shown herself to be committed to the class by her own individual efforts,

including significant outlays of funds for attorneys' fees to remedy the Defendant's unlawful hiring practices.

26. Ms. Grosdidier has been informed of the differences between bringing a class action and bringing her action individually, and the Plaintiff has agreed to subsume her individual action into the class.

27. Counsel for the Plaintiff has experience litigating multi-party and class action litigation.

### E. COUNT I: INDIVIDUAL COUNT

28. The Plaintiff incorporates by reference each of the foregoing paragraphs here.

29. By selecting non-U.S. Citizens, when suitably qualified U.S. Citizens (including the Plaintiff) had applied for the positions and were therefore available at the time of the vacancy, the Defendant's actions violated 22 U.S.C. 1471(1) and were arbitrary and capricious, in excess of statutory authority or limitations, without observance of procedure required by law, and/or unwarranted by the facts before the Agency in contradiction to the Administrative Procedures Act 5. U.S.C. § 706.

30. By selecting non-U.S. Citizens, when suitably qualified U.S. Citizens (including the Plaintiff) had applied for the positions and were therefore available at the time of the vacancy, the Defendant's actions violated its own regulations and memorialized in its Personnel Manual and were arbitrary and capricious, in excess of statutory authority or limitations, without observance of procedure required by law, and/or unwarranted by the facts before the Agency in contradiction to the Administrative Procedures Act 5. U.S.C. § 706.

31. As a result of the Defendant's unlawful conduct, the Plaintiff was denied promotion to higher graded positions to which she would have otherwise been entitled but for the Defendant's unlawful conduct.

32. But for the Defendant's unlawful conduct, the Plaintiff would have been entitled to all of the benefits, including but not limited to the pay, of the GS-13 International Broadcaster positions.

33. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered the loss of the benefits, including pay, of the GS-13 International Broadcaster positions to which she was entitled.

### F. COUNT II: CLASS ACTION COUNT

34. The Plaintiff incorporates by reference each of the foregoing paragraphs.

35. By selecting non-U.S. Citizens, when suitably qualified U.S. Citizens (including the class members) had applied for the positions and were therefore available at the time of the vacancy, the Defendant's actions violated 22 U.S.C. 1471(1) and were arbitrary and capricious, in excess of statutory authority or limitations, without observance of procedure required by law, and/or unwarranted by the facts before the Agency in contradiction to the Administrative Procedures Act 5. U.S.C. § 706.

36. By selecting non-U.S. Citizens, when suitably qualified U.S. Citizens (including the class members) had applied for the positions and were therefore available at the time of the vacancy, the Defendant's actions violated its own regulations and memorialized in its Personnel Manual and were arbitrary and capricious, in excess of statutory authority or limitations, without observance

of procedure required by law, and/or unwarranted by the facts before the Agency in contradiction to the Administrative Procedures Act 5. U.S.C. § 706.

37. As a result of the Defendant's unlawful conduct, the members of the class have been denied positions to which each would have otherwise been entitled, but for the Defendant's unlawful conduct.

38. But for the Defendant's unlawful conduct, the members of the class would have been entitled to all of the benefits, including but not limited to the pay, of the positions to which each had applied.

39. As a result of the Defendant's unlawful conduct, the members of the class have suffered the loss of the benefits, including pay, of the positions to which each was entitled.

## G.  RELIEF SOUGHT

40. WHEREFORE, Plaintiff and class respectfully request that the Court:

    a. Declare each selection in which a non-U.S. Citizen was selected despite the availability of a suitably qualified U.S. Citizen to be unlawful;

    b. Set aside each such unlawful action;

    c. Compel the Agency to place the Plaintiff and each class member into the positions unlawfully withheld from them retroactively to the date of the unlawful selection;

    d. Provide Plaintiff and class members all of the benefits and rights of the position(s), including back pay, retroactively to the date of the unlawful selections.

e. Reimburse the Plaintiff and class members for the fees and costs, including attorneys fees, they expended in bringing this civil action.

Respectfully Submitted,

_____
Leslie D. Alderman III (D.C. Bar No. 477750)
ALDERMAN, DEVORSETZ & HORA PLLC
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036
202-969-8220 (tel.)
202-652-2451 (direct)
202-969-8224 (fax)
lalderman@adlawfirm.com

Attorney for Plaintiff and Class

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Camille Grosdidier

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
James K. Glassman, Chairman of the Broadcasting Board of Governors

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Leslie D. Alderman III
Alderman, Devorsetz & Hora PLLC
1025 Connecticut Ave. NW Suite 615
Washington, D.C. 20036
202-969-8220

Case: 1:07-cv-01551
Assigned To : Huvelle, Ellen S.
Assign. Date : 8/31/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL ...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ◉ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. § 706: Agency decision to hire non-citizens when "suitably qualified citizens" were available violated Administrative Procedures Act.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 [X]  DEMAND $ To Be Determined  Check YES only if demanded in complaint  JURY DEMAND: YES ☐  NO [X]

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO [X]  If yes, please complete related case form.

DATE 8/31/07    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.