IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMILLE GROSDIDIER, <br> Personally and as class representative <br><br> and <br><br> JORGE BUSTAMANTE <br> Personally and as class representative <br><br> and <br><br> CARLOS MARTINEZ <br> Personally and as class representative <br><br> Plaintiffs <br><br> v. <br><br> JAMES K. GLASSMAN, <br> Chairman, Broadcasting Board of Governors <br><br> Defendant | Case No. 07-cv-01551 (ESH) |

### FIRST AMENDED COMPLAINT

Now come the Plaintiffs, personally and on behalf of the class, and state as follows for their Amended Complaint against the Defendant, the Chairman of the Broadcasting Board of Governors:

### A. JURISDICTION AND PARTIES

1. This Civil Action is brought pursuant to the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, for review of final agency decisions denying, in the course of making promotion decisions, appropriate consideration of suitably qualified U.S. Citizens in favor of non-U.S. Citizens.

2. This Court has jurisdiction over the controversy here presented pursuant to 5 U.S.C. § 702, 28 U.S.C. § 1331 in conjunction with 22 U.S.C. § 1474(1) and the United States Constitution.

3. Plaintiff Camille Grosdidier is a resident of the District of Columbia and an employee in the French to Africa Division of the Voice of America.

4. Plaintiff Jorge Bustamante is a resident of the District of Columbia and an employee of the Defendant's Voice of America Television Division.

5. Plaintiff Carlos Martinez is a resident of Miami, Florida and is an employee in the Defendant's Office of Cuba Broadcasting.

6. All members of the class (including Plaintiffs) are citizens of the United States and employees of the Defendant.

7. The Defendant is an independent agency of the United States Government, located in Washington D.C., which administers and funds the Voice of America, the Office of Cuba Broadcasting, Radio Free Asia, Radio Sawa, Alhurra, and Radio Free Europe/Radio Liberty.

8. The Defendant is an "agency" within the meaning of 5 U.S.C. 701(b)(1).

9. All decisions and actions referenced herein occurred in the District of Columbia.

10. Venue is appropriate in the United States District Court for the District of Columbia pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(b).

## B. FACTS RELATED TO PLAINTIFFS AND CLASS

11. On October 1, 1999, the Broadcasting Board Governors (BBG) became the independent federal agency responsible for all U.S. government and

government sponsored, non-military, international broadcasting pursuant to the 1998 Foreign Affairs Reform and Restructuring Act (Public Law 105-277).

12. The BBGs day-to-day broadcasting activities are carried out by individual BBG international broadcasters, including but perhaps not limited to those listed in paragraph 7, above.

13. By statute (22 U.S.C. § 1474(1)), the BBG is only authorized to hire non-U.S. Citizens for service in the United States relating to the preparation and production of foreign language programs when suitably qualified United States citizens are not available at the time a particular job vacancy occurs. *See* 22 U.S.C. 1474(1): "In carrying out the provisions of … 22 USC §§ 1431 *et seq*, the Secretary, or any Government agency authorized to administer such provisions, may (1) employ, without regard to the civil service and classification laws, aliens within the United States and abroad for service in the United States relating to the … the preparation and production of foreign language programs <u>when suitably qualified United States citizens are not available when job vacancies occur</u>."

14. Because of the limitations contained in 22 U.S.C. § 1474(1) the BBG has promulgated internal rules that restrict its managers' ability to hire non-U.S. Citizens.

15. With regard to hiring for non-supervisory positions, the BBG's rules eschew the "suitably qualified" standard imposed by 22 U.S.C. §1474(1), and instead permit that "a Non-U.S. citizen may be appointed only after reasonable efforts

        to recruit <u>equally or better qualified</u> U.S. citizens have been made and have been unsuccessful." BBG Personnel Manual, Section 822.1(a) (<u>emphasis added</u>).

16. With regard to hiring for supervisory positions, the BBG's rules again avoid the "suitably qualified" standard contained in 22 U.S.C. § 1474(1), and hold that "As a matter of Broadcasting policy, non-U.S. citizens will not be employed in or promoted to supervisory positions … [except] when the appropriate office or Service Head determines, with the concurrence of the Director of Personnel that the unavailability of an <u>equally or better qualified</u> U.S. Citizen to perform such supervisory … is not only significantly handicapping the ability of the Office, or Service, to operate, but also is having an adverse impact on Broadcasting's mission." BBG Personnel Manual, Section 822.1(c) (<u>emphasis added</u>).

        **C. <u>FACTS RELATED TO PLAINTIFF CAMILLE GROSDIDIER</u>**

17. On or about May 22, 2002, Ms. Grosdidier applied for a non-supervisory GS-13 International Broadcaster position (GS-1001-13) in the French to Africa Division of the Voice of America under Vacancy Announcement No. IBB-1-02-120. Plaintiff Grosdidier was deemed qualified on or about June 20, 2002 and was interviewed for the position. On or about July 22, 2002, Plaintiff Grosdidier was denied the position. Instead, a Haitian citizen was selected in her place.

18. On or about February 13, 2006, Ms. Grosdidier applied for a Supervisory GS-13 International Broadcaster position in the French to Africa Division of

        Voice of America, under Vacancy Announcement No. M/P-06-27. Again, she was deemed qualified for the position and interviewed but denied the selection in favor of a non-U.S. Citizen. The selectee was a citizen of Chad at the time of the selection.

19. The selecting officials in both of the above-referenced promotion actions failed to select Ms. Grosdidier despite the fact that she was a U.S. citizen who was suitably qualified for the position.

20. In addition to violating the "suitably qualified" provision of 22 U.S.C. § 1474(1), the selecting officials in both of the above-referenced promotion decisions violated the Defendant's own regulations by failing to make the findings required by the Defendant's Personnel Manual in order to select non-citizens for both supervisory and non-supervisory International Broadcaster positions.

### D. FACTS RELATED TO PLAINTIFF JORGE BUSTAMANTE

21. On or about April 2006, Mr. Bustamante applied for a Supervisory International Broadcaster (GS-1001-14) in the Latin American Division of Voice of America under Vacancy Announcement No. M/P-06-64. Plaintiff Bustamante was deemed qualified, and was interviewed for the position. Mr. Bustamante was notified, by letter dated June 8, 2007, that he was denied the position. On or about August 15, 2007, Mr. Bustamante learned that a non-U.S. Citizen had been selected for the position instead.

22. The selecting official the above-referenced action failed to select Mr. Bustamante despite the fact that he was a U.S. citizen who was suitably qualified for the position.

23. In addition to violating the "suitably qualified" provision of 22 U.S.C. § 1474(1), the selecting officials in the above-referenced promotion decision violated the Defendant's own regulations by failing to make the findings required by the Defendant's Personnel Manual in order to select a non-citizen for a supervisory International Broadcaster positions.

### E. FACTS RELATED TO PLAINTIFF CARLOS MARTINEZ

24. On or about April 2006, Mr. Martinez applied for a Supervisory International Broadcaster (GS-1001-14) in the Latin American Division of Voice of America under Vacancy Announcement No. M/P-06-64. Plaintiff Martinez was deemed qualified, and was interviewed for the position. Mr. Martinez was notified, by letter dated June 8, 2007, that he was denied the position. On or about August 15, 2007, Mr. Martinez learned that a non-U.S. Citizen had been selected for the position instead.

25. The selecting official the above-referenced action failed to select Mr. Martinez despite the fact that he was a U.S. citizen who was suitably qualified for the position.

26. In addition to violating the "suitably qualified" provision of 22 U.S.C. § 1474(1), the selecting officials in the above-referenced promotion decision violated the Defendant's own regulations by failing to make the findings

required by the Defendant's Personnel Manual in order to select a non-citizen for a supervisory International Broadcaster positions.

### F.  ALLEGATIONS RELATED TO THE CLASS

27. This class action suit is being brought pursuant to the Rule 23 of the Rules of the Federal Rules of Civil Procedure.

28. The class includes, two subcategories.

   a. The first category includes all persons who, within the 6-year period of time preceding the filing date of this complaint, have: 1) applied for <u>nonsupervisory</u> positions with the Broadcasting Board of Governors; 2) been deemed qualified (by being included on a Certificate of Eligible Candidates, Best Qualified list or the equivalent thereof); and 3) been denied the promotion in favor of a non-citizen.

   b. The second category includes all persons who, within the 6-year period of time preceding the filing date of this complaint, have: 1) applied for <u>supervisory</u> positions with the Broadcasting Board of Governors; 2) been deemed qualified (by being included on a Certificate of Eligible Candidates, Best Qualified list or the equivalent thereof); and 3) been denied the promotion in favor of a non-citizen.

29. On information and belief, both categories of the putative class are so numerous that joinder of all members is impracticable.

30. Like the named Plaintiffs, all members of the putative class referenced herein have been subjected to unlawful treatment in violation of 5 U.S.C. § 706 and 22 U.S.C. § 1474(1), in that despite being "suitably qualified" for the

positions for which they had applied, they were passed over for selection in favor of non-citizens. Moreover, as was the case with the selections involving the named Plaintiffs, in addition to violating the "suitably qualified" provision of 22 U.S.C. § 1474(1), the selecting officials, in the selections and promotions involving the class members, violated the Defendant's own regulations by failing to make the findings required by the Defendant's Personnel Manual in order to select non-citizens for both supervisory and non-supervisory International Broadcaster positions.

31. The question: whether the Defendant Agency's interpretation(s) of 22 U.S.C § 1474(1) and its own regulations was (were) arbitrary and capricious, in excess of statutory authority or limitations, without observance of procedure required by law, and/or unwarranted by the facts before the Agency, is common to the class.

32. Because some or all of the named Plaintiffs were subjected to the treatment on which both categories of the class complaint are founded, their claims are typical of the claims of the class.

33. The named Plaintiffs are committed to protecting the interests of the class and have shown themselves to be committed to the class by their own individual efforts, including retaining legal counsel to remedy the Defendant's unlawful hiring practices.

34. The named Plaintiffs have been informed of the differences between bringing a class action and bringing their own actions individually, and the Plaintiffs have agreed to subsume their individual actions into the class.

35. Counsel for the named Plaintiffs has experience litigating multi-party and class action litigation.

### G. COUNT I: INDIVIDUAL COUNTS

36. The Plaintiffs incorporate by reference each of the foregoing paragraphs here.

37. By selecting non-U.S. Citizens, when suitably qualified U.S. Citizens (including the Plaintiffs) had applied for the positions and were therefore available at the time of the vacancy, the Defendant's actions violated 22 U.S.C. 1471(1) and were arbitrary and capricious, in excess of statutory authority or limitations, without observance of procedure required by law, and/or unwarranted by the facts before the Agency in contradiction to the Administrative Procedures Act 5. U.S.C. § 706.

38. By selecting non-U.S. Citizens, when suitably qualified U.S. Citizens (including the Plaintiffs) had applied for the positions and were therefore available at the time of the vacancy, the Defendant's actions violated its own regulations and memorialized in its Personnel Manual and were arbitrary and capricious, in excess of statutory authority or limitations, without observance of procedure required by law, and/or unwarranted by the facts before the Agency in contradiction to the Administrative Procedures Act 5. U.S.C. § 706.

39. As a result of the Defendant's unlawful conduct, the Plaintiffs were denied proper consideration for, and promotion to, higher graded positions, resulting in the loss of the benefits, including but not limited to the pay, of the positions that were denied to them.

## H.  COUNT II: CLASS ACTION COUNT

40. The Plaintiffs incorporate by reference each of the foregoing paragraphs.

41. By selecting non-U.S. Citizens, when suitably qualified U.S. Citizens (including the class members) had applied for the positions and were therefore available at the time of the vacancy, the Defendant's actions violated 22 U.S.C. 1471(1) and were arbitrary and capricious, in excess of statutory authority or limitations, without observance of procedure required by law, and/or unwarranted by the facts before the Agency in contradiction to the Administrative Procedures Act 5. U.S.C. § 706.

42. By selecting non-U.S. Citizens, when suitably qualified U.S. Citizens (including the class members) had applied for the positions and were therefore available at the time of the vacancy, the Defendant's actions violated its own regulations and memorialized in its Personnel Manual and were arbitrary and capricious, in excess of statutory authority or limitations, without observance of procedure required by law, and/or unwarranted by the facts before the Agency in contradiction to the Administrative Procedures Act 5. U.S.C. § 706.

43. As a result of the Defendant's unlawful conduct, the members of the class have been denied consideration for, and selection to, the positions to which they applied.

44. But for the Defendant's unlawful conduct, the members of the class would have been entitled to benefits, including but not limited to the pay, of the positions to which each had applied.

45. As a result of the Defendant's unlawful conduct, the members of the class have suffered the loss of the benefits, including pay, of the positions to which each was entitled.

## I.  RELIEF SOUGHT

46. WHEREFORE, Plaintiffs and class respectfully request that the Court:

   a. Declare each selection in which a non-U.S. Citizen was selected despite the availability of a suitably qualified U.S. Citizen to be unlawful;

   b. Set aside each such unlawful action;

   c. Compel the Agency to place the Plaintiffs and each class member into the positions unlawfully withheld from them retroactively to the date of the unlawful selection;

   d. Provide Plaintiffs and class members all of the benefits and rights of the position(s), including back pay, retroactively to the date of the unlawful selections.

   e. Reimburse the Plaintiffs and class members for the fees and costs, including attorneys fees, they expended in bringing this civil action.

   Respectfully Submitted,

   /s/ Leslie D. Alderman III (D.C. Bar No. 477750)
   ALDERMAN, DEVORSETZ & HORA PLLC
   1025 Connecticut Ave., NW
   Suite 615
   Washington, D.C. 20036
   202-969-8220 (tel.)
   202-652-2451 (direct)
   202-969-8224 (fax)
   lalderman@adlawfirm.com

Attorney for Plaintiffs and Class

Case 1:07-cv-01551-ESH    Document 2    Filed 11/05/2007    Page 12 of 12

12

Attorney for Plaintiffs and Class