UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMILLE GROSDIDIER, JORGE BUSTAMANTE and CARLOS MARTINEZ, Personally and as class representative, <br><br> Plaintiffs, <br> v. <br><br> JAMES K. GLASSMAN, Chairman, Broadcasting Board of Governors, <br><br> Defendant. | Civil Action No. 07-1551 (ESH) |

## ANSWER

Defendant James K. Glassman, Chairman, Broadcasting Board of Governors ("BBG"), by his undersigned counsel, hereby responds to the First Amended Complaint in this matter as follows:

**First Defense**

Plaintiff fails to state a claim upon which relief may be granted.

**Second Defense**

Defendant's actions with respect to the claims in this case were in full compliance with law and regulation. Defendant's internal rules do not eschew any standards imposed by 22 U.S.C. § 1474 or any other relevant statutes. Any actions taken by Defendant with respect to selection of a non-U.S. citizen for the vacant positions in question were taken in compliance with law, rule and regulation, and Plaintiff cannot demonstrate unlawfulness.

**Third Defense**

Defendant denies each and every allegation of the First Amended Complaint not expressly admitted in this Answer. Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in this answer as the facts and circumstances giving rise to the First Amended Complaint become known to it through the course of the litigation.

**A. JURISDICTION AND PARTIES**

1. This paragraph is a statement of Plaintiffs' case to which no response is required. To the extent this paragraph contains any allegations of fact, denied.

2. This paragraph is a statement of jurisdiction to which no response is necessary. To the extent a response is necessary, denied as to the 22 U.S.C. § 1474(1) claim.

3. Defendant admits that Camille Grosdidier is an employee in the French to Africa Branch of the Africa Division of the Voice of America ("VOA"), an element of the BBG. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remainder of the allegations in paragraph 3, and so denies.

4. Defendant admits that Jorge Bustamante is an employee in VOA's Television Division. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remainder of the allegations in paragraph 3, and so denies.

5. Defendant admits that Carlos Martinez is an employee in VOA's Office of Cuba Broadcasting. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remainder of the allegations in paragraph 3, and so denies.

6. Defendant has insufficient information to admit or deny that all members of the class

(including Plaintiffs) are citizens of the United States and employees of VOA, and avers that class treatment of claims raised under the APA is not necessary or appropriate.

7. Defendant admits that the Broadcasting Board of Governors is an independent agency of the United States Government, located in Washington D.C., which administers and funds VOA, the Office of Cuba Broadcasting, Radio Free Asia, Radio Sawa Alhurra, and Radio Free Europe / Radio Liberty.

8. Defendant admits that it is an "agency" within the meaning of 5 U.S.C. § 701(b)(1).

9. Defendant admits that all decisions and actions referenced herein occurred in the District of Columbia, but denies the unlawful practices alleged.

10. Defendant admits that venue is proper in the District of Columbia, pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(b), but denies the unlawful practices alleged.

### B. FACTS RELATED TO PLAINTIFFS AND CLASS

11. Admitted.

12. Admitted to the extent Plaintiff is referring to the international broadcasters that are employed by the VOA, an element of the BBG, but otherwise denied.

13. The first sentence of paragraph 11 contains plaintiff's characterization or legal conclusions to which no response is required. The remainder of this paragraph contains a quotation of 22 U.S.C. § 1474(1) which appears to be accurate.

14. Denied as stated. The BBG has adopted the internal rules promulgated by its predecessor agency, the U.S. Information Agency ("USIA") in implementing the its ability to hire non-citizens as authorized under 22 U.S.C. § 1474(1).

15. Denied as stated. The BBG has implemented its non-citizen hiring authority

consistent with the guidance provided to it by Congress. As stated in the Agency's Manual of Operations and Administration ("MOA") Part V-A, § 822.1(a), "[a] non-U.S. citizen may be appointed only after reasonable efforts to recruit equally or better qualified U.S. citizens have been made and have been unsuccessful."

16. Denied as stated. The BBG has implemented its non-citizen hiring authority consistent with the guidance provided to it by Congress. As stated in the Agency's Manual of Operations and Administration ("MOA") Part V-A, § 822.1(c), "[a]s a matter of Broadcasting policy, non-U.S. citizens will not be employed in or promoted to supervisory positions…(1) [e]xceptions will be allowed only on an individual basis when the appropriate Office, or Service Head determined, with the concurrence of the Director of Personnel that the unavailability of an equally or better qualified U.S. citizen to perform such supervisory or managerial functions is not only significantly handicapping the ability of the Office, or Service to operate, but also is having an adverse impact on Broadcasting's mission."

## C. FACTS RELATED TO PLAINTIFF CAMILLE GROSDIDIER

17. Defendant admits that on or about May 22, 2002, Plaintiff applied for a non-supervisory GS-13 International Broadcaster position (GS-1001-13) in the French to Africa Branch of the Voice of America, but the vacancy announcement number was not IBB-1-02-120, a certificate number, but rather M/P-02-81. Defendant admits Plaintiff was deemed *minimally qualified* for the position, and on that basis was interviewed for the position on or about June 20, 2002, but denies that Plaintiff was *found qualified* for the position. Defendant admits that a Haitian citizen was selected for the position.

18. Defendant admits that on or about February 13, 2006, Plaintiff applied for a

Supervisory GS-13 International Broadcaster position in the French to Africa Branch of Voice of America, under vacancy announcement number M/P-06-27.  Defendant admits Plaintiff was deemed *minimally qualified* for the position and was interviewed, but denies that Plaintiff was *found qualified* for the position.  Defendant admits that a citizen of Chad was selected for the position.

19. Defendant admits that selecting officials in both of the above-referenced promotion actions did not select Plaintiff, who was a U.S. citizen at the time of the selections, but denies that she was, ultimately, qualified for the positions.

20. Denied.

## D.  FACTS RELATED TO PLAINTIFF JORGE BUSTAMANTE

21.  Defendant admits that on or about April, 2006, Plaintiff applied for a Supervisory GS-14 International Broadcaster position in the Spanish Branch of the Latin American Division of Voice of America, under vacancy announcement number M/P-06-64.  Defendant admits Plaintiff was deemed *minimally qualified* for the position and was interviewed, but denies that Plaintiff was *found qualified* for the position.  Defendant admits that a non-citizen was selected for the position.  Defendant has insufficient information to admit or deny the third sentence since the selectee entered on duty on July 8, 2007.

22.  Defendant admits that the selecting official in the above-referenced promotion action did not select Plaintiff, who was a U.S. citizen at the time of the selection, but denies that he was, ultimately, qualified for the position.

23.  Denied.

## E.  FACTS RELATED TO PLAINTIFF CARLOS MARTINEZ

24.  Defendant admits that on or about April, 2006, Plaintiff applied for a Supervisory GS-14 International Broadcaster position in the Spanish Branch of the Latin American Division of Voice of America, under vacancy announcement number M/P-06-64. Defendant admits Plaintiff was deemed *minimally qualified* for the position and was interviewed, but denies that Plaintiff was *found qualified* for the position. Defendant admits that a non-citizen was selected for the position. Defendant has insufficient information to admit or deny the third sentence since the selectee entered on duty on July 8, 2007.

25. Defendant admits that the selecting official in both of the above-referenced promotion action did not select Plaintiff, who was a U.S. citizen at the time of the selection, but denies that he was, ultimately, qualified for the position.

26.  Denied.

## F. ALLEGATIONS RELATED TO THE CLASS

27.     The paragraph is a statement of Plaintiff's claims to which no response is require To the extent a response is required, it is denied.

28.     The paragraph is a statement of Plaintiff's claims to which no response is necessary.  To the extent a response is required, it is denied.

29.     The paragraph is a statement of Plaintiff's claims to which no response is necessary.   To the extent a response is required, it is denied.

30.     The paragraph is a statement of Plaintiff's claims to which no response is necessary.  To the extent a response is required, it is denied.

31.     The paragraph is a statement of Plaintiff's claims to which no response is

necessary. To the extent a response is required, it is denied, and Defendant avers that class treatment is unwarranted because relief available under the APA is limited to declaratory and injunctive.

32. The paragraph is a statement of Plaintiff's claims to which no response is necessary. To the extent a response is required, it is denied.

33. The paragraph is a statement of Plaintiff's claims to which no response is necessary. To the extent a response is required, it is denied.

34. The paragraph is a statement of Plaintiff's claims to which no response is necessary. To the extent a response is required, it is denied.

35. The paragraph is a statement of Plaintiff's claims to which no response is necessary. To the extent a response is required, it is denied.

### G. COUNT I: INDIVIDUAL COUNTS

36. Defendant re-alleges and incorporates by references the responses contained in paragraphs 1 – 35 above.

37. Denied.

38. Denied.

39. Denied.

### H. COUNT II: CLASS ACTION COUNT

40. Defendant re-alleges and incorporates by references the responses contained in paragraphs 1 – 39 above.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## I. RELIEF SOUGHT

46. Paragraph 46 and subparagraphs (a) through (e), following paragraph 46, contain Plaintiffs' prayer for relief to which no response is required. Insofar as a response is required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever. In particular, Defendant denies that Plaintiffs are entitled to recover any damages in connection with the actions alleged in the First Amended Complaint. Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the First Amended Complaint.

Defendant, having fully answered, respectfully requests that this action be dismissed with prejudice and that the Court grant such other and further relief as may be deemed appropriate, including payment of defendant's attorney fees and costs.

Dated: December 13, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

                                              _____
JANE M. LYONS  D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

**Of Counsel**:
Elizabeth A. Parish
Assistant General Counsel
Broadcasting Board of Governors
330 Independence Avenue, S.W., Room 3349
Washington, D.C.  20237