IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMILLE GROSDIDIER,<br>Personally and as class representative<br><br>and<br><br>JORGE BUSTAMANTE<br>Personally and as class representative<br><br>and<br><br>CARLOS MARTINEZ<br>Personally and as class representative<br><br>Plaintiffs<br><br>v.<br><br>JAMES K. GLASSMAN,<br>Chairman, Broadcasting Board of Governors<br><br>Defendant | Case No. 07-cv-01551 (ESH) |

## PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINSITRATIVE RECORD

For the reasons provided in the following memorandum of points and authorities, the Plaintiffs hereby move the Court for an Order requiring the Defendant to supplement the administrative record with all materials that were before it when it made each of the selection decisions encompassed in this class action complaint.

The undersigned discussed this motion with counsel for the Defendant on or about February 12, 2008, but the parties were not able to narrow the differences between them sufficiently to avoid this motion.

Respectfully Submitted,
ALDERMAN, DEVORSETZ & HORA PLLC


_____/s/_____
Leslie D. Alderman III (477750)
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036
Phone: 202-969-8220
Fax: 202-969-8224
lalderman@adhlawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMILLE GROSDIDIER, <br> Personally and as class representative <br><br> and <br><br> JORGE BUSTAMANTE <br> Personally and as class representative <br><br> and <br><br> CARLOS MARTINEZ <br> Personally and as class representative <br><br> Plaintiffs <br><br> v. <br><br> JAMES K. GLASSMAN, <br> Chairman, Broadcasting Board of Governors <br><br> Defendant | Case No. 07-cv-01551 (ESH) |

### PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE ADMINSITRATIVE RECORD

Now come the Plaintiffs, who offer the following in support of their Motion to Supplement the Administrative Record.

As indicated herein, the Administrative Record does not currently provide all of the materials on which the Agency relied when it made the selection decisions that are challenged in the individual and class counts of this Class Action Complaint.

1

## ARGUMENT

Under the Administrative Procedures Act ("APA"), review of an agency's decision is generally confined to the administrative record to determine whether the agency's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See Comm. Drapery Contractors, Inc. v. United States*, 133 F.3d 1 (D.C. Cir. 1998)); *Envtl. Defense Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981). An administrative record must therefore contain all materials compiled by the Agency that were before the Agency at the time the decisions at issue in the litigation were made. *See James Madison Ltd. v. Ludwig*, 82 F.3d 1085 (D.C. 1996)("The administrative record includes all materials compiled by the agency, that were "before the agency at the time the decision was made.") (*quoting Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971) and *Environmental Defense Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981).

The question for this Court to determine, then, is what is the "decision" at issue in this civil action? The answer to that question will determine what must be contained in the Administrative Record.

The Class Plaintiffs here allege that the Agency's selections were arbitrary and capricious, in excess of statutory authority or limitations, and/or without observance of procedure required by law because they violated both the statute, 22 U.S.C. § 1471(1) as well as the Agency's own rules and regulations.[1]

---

[1] Specifically, the Amended Complaint alleges:

> By selecting non-U.S. Citizens, when suitably qualified U.S. Citizens (including the class members) had applied for the positions and were therefore available at the time of the vacancy, the Defendant's actions

Therefore, the "decisions" at issue are the decisions wherein each prospective class member was passed over for selection or promotion in favor of a non-U.S. Citizen. As such, in order to comply with its obligation to produce the full administrative record the Agency must produce "all materials compiled by the agency, that were before the agency at the time the [selection] decision[s were] made." *James Madison Ltd. v. Ludwig*, 82 F.3d at 1095.

Instead of producing the records on which the individual and class member plaintiffs' selections were based, the Administrative Record is devoid of any selection documents whatsoever. Instead, the Agency has only provided documents that demonstrate the evolution of its current rule governing the selection of non-U.S. citizens.

The record the Agency has submitted would be appropriate if the Plaintiffs were merely asserting a defect in the Agency's rulemaking procedure. But this suit does much

---

violated 22 U.S.C. 1471(1) and were arbitrary and capricious, in excess of statutory authority or limitations, without observance of procedure required by law, and/or unwarranted by the facts before the Agency in contradiction to the Administrative Procedures Act 5. U.S.C. § 706.

By selecting non-U.S. Citizens, when suitably qualified U.S. Citizens (including the class members) had applied for the positions and were therefore available at the time of the vacancy, the Defendant's actions violated its own regulations memorialized in its Personnel Manual and were arbitrary and capricious, in excess of statutory authority or limitations, without observance of procedure required by law, and/or unwarranted by the facts before the Agency in contradiction to the Administrative Procedures Act 5. U.S.C. § 706.

As a result of the Defendant's unlawful conduct, the members of the class have been denied consideration for, and selection to, the positions to which they applied.

*See* Amended Complaint, ¶¶ 41-43. The Amended Complaint also makes the same allegations with respect to the Plaintiff/Class Representatives' individual denied selections. *See* Amended Complaint, ¶¶ 37-39.

3

more: it asserts both that the Agency's rules were contrary to the statute *and* that the Agency's selection decisions and standard operating procedures resulted in the regular and repeated violation of both the federal statute and the Agency's own rules. Therefore, the documents must be sufficient to explain the basis for the Agency's rule as well as its actions in each selection decision in which a non-U.S. citizen was selected over an available U.S. citizen. At a minimum, this means that the Agency must produce records, going back six years prior to the date this civil action was filed, including but not limited to:

> (1) The certificates of eligible candidates (or equivalent documents) that identify each candidate considered in each selection in which a non-U.S. citizen was selected over a U.S. citizen; *See, e.g.*, Exhibit 1.
>
> (2) All documents on which the deciding officials based their decision to select each non-U.S. citizen despite the availability of one or more U.S. citizens;
>
> (3) All documents reflecting a selecting official's decision to cancel and repost a vacancy announcement or to revise and repost a vacancy announcement under circumstances wherein U.S. citizens were available for selection to the original posting, but non-U.S. citizens were selected for the re-posted position. *See, e.g.*, Exhibit 2.
>
> (4) Each memorandum (or equivalent document) used to justify and approve the selection of a non-U.S. citizen despite the availability of one or more U.S. citizens. *See, e.g.*, Exhibit 3.

If the Agency is unable to present the full record, then the Plaintiffs should be permitted to conduct discovery in order to determine the basis for the Agency's decision.

4

The D.C. Circuit explained this in *Environmental Defense Fund, Inc. v. Costle*, 657 F.2d at 285, in which it held:

> where there was such a failure to explain administrative action as to frustrate effective judicial review[,] when the record is inadequate, a court may obtain from the agency, either through affidavits or testimony, such additional explanations of the reasons for the agency decision as may prove necessary. The new materials should be merely explanatory of the original record and should contain no new rationalizations.

*See also Commercial Drapery Contrs.*, 133 F.3d at 7 (supplementation of the administrative record is appropriate where there "was such a failure to explain [the] administrative action as to frustrate effective judicial review" or where there has been "a strong showing of bad faith or improper behavior..."); *Dopico v. Goldschmidt*, 687 F.2d 644 (2d Cir. 1982) ("Determining what constitutes an agency's informational base is vital … The fact that defendants presented documents that seemed to support the rationality of their actions does not mean that the same conclusion would have been reached if the Court had been aware of other information that was before the agency."); *Indiana Manufactured Housing Ass'n v. Pierce*, 1987 U.S. Dist. LEXIS 15233 (D. Ind. 1987) ("since the bare record may not disclose the factors that were considered or the Secretary's construction of the evidence, it may be necessary for the District Court to require some explanation in order to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard.").

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request that the Court enter an Order requiring the Defendant to supplement the administrative record so that it appropriately contains all materials compiled by the Agency that were before the Agency at the time the decisions at issue in litigation were made. If the Agency indicates that all

such materials are no longer available, then the Plaintiffs should be afforded limited discovery in order to complete the record.

                                  Respectfully Submitted,
                                  ALDERMAN, DEVORSETZ & HORA PLLC


                                _____/s/_____
                                Leslie D. Alderman III (477750)
                                1025 Connecticut Ave., NW
                                Suite 615
                                Washington, D.C. 20036
                                Phone: 202-969-8220
                                Fax: 202-969-8224
                                lalderman@adhlawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAMILLE GROSDIDIER, et al.** ) <br> **Personally and as class representative** ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> **JAMES K. GLASSMAN,** ) <br> **Chairman, Broadcasting Board of** ) <br> **Governors** ) <br> ) <br> Defendant ) <br> ) <br> ) | Case No. 07-cv-01551 (ESH) |

**ORDER**

In consideration of the Plaintiffs' Motion to Supplement the Record and the Defendant's response thereto, it is hereby Ordered that the Defendant is required to supplement the administrative record so that it appropriately contains all materials compiled by the Agency that were before the Agency at the time the decisions at issue in litigation were made. If the Agency indicates that all such materials are no longer available, then the Plaintiffs shall be afforded limited discovery in order to complete the record.

So Ordered, this day, _____, 2008

_____

District Court Judge Huvelle

March 2, 2006

MEMORANDUM FOR:   VOA/LAF – Idrissa Dia

FROM:   M/PO – Janice Albritton-Pollock *AP*

SUBJECT:   Promotion Certificate for GS-1001-13
International Broadcaster (French), GS-1001-13
Vacancy Announcement Number M/P-06-27

The following status candidates are eligible for promotion to the subject position at the grade level indicated. Interviews are optional but can be a valuable means of assessing candidates' overall qualifications for the position. If, however, one candidate on this certificated is interviewed, all candidates on this certificate must be interviewed.

Reference checks may be completed on any candidate in which you are interested as an evaluation tool in the selection process. You should complete three reference checks on the candidate selected to verify with current and former employers the individual work skills and habits. These reference checks are also used in the security clearance process, if applicable.

Please note your selection (S) or non-selection (NS) and interview dates, if conducted, and return to me prior to making a final offer to the selectee. If you have any questions, please me at 619-3117.

<u>GS-1001-13</u>

Grosdidier, Camille
Jaafar, Rachid

*No Selection*

Selecting Official: *Idrissa S. Dia  03/08/06*
                    Signature                Date

Title: *French to Africa Service Chief*         Organization

Personnel Specialist: *Janice Albritton Pollock*
                      Signature                Date

00106

1 of 4

IBB/DELEGATED COMPETITIVE EXAMINING UNIT
CERTIFICATE OF ELIGIBLES

Certificate No.  IBB-1-06-48/CAREER OR CAREER-CONDITIONAL
Page No. 1 of 1
Issue Date:  03/01/06                     Audit By: _____
Due Date:  06/01/06                       Audit Date: _____

### INTERNATIONAL BROADCASTER (FRENCH)
### GS-1001-13
### WASHINGTON, DC

#### CITIZENS

NV    AKKACHE, ALI

*No Selection*

NV = NO VETERANS PREFERENCE

_Idrissi G.S. / French to Africa Service Chief_
Selecting Official's Signature & Possible EOD
APPOINTING AUTHORITY:  IBB-1-06-48

THIS CERTIFICATE IS VALID ONLY FOR THE POSITION, TITLE, SERIES GRADE(S) AND LOCATION INDICATED ABOVE.

00107

IBB/DELEGATED COMPETITIVE EXAMINING UNIT
CERTIFICATE OF ELIGIBLES

Certificate No. IBB-1-06-49/EXCEPTED
Page No. 1 of 1
Issue Date: 03/01/06
Due Date: 06/01/06

Audit By: _____
Audit Date: _____

## INTERNATIONAL BROADCASTER (FRENCH)
### GG-1001-13
### Washington, DC

A non-citizen may be selected in the presence of a qualified U.S. citizen if, after full and fair consideration of all candidates against the job requirements, the selecting official determines that the non-citizen is better qualified than the U.S. citizen and the superior qualifications of the non-citizen are supported by acceptable written documentation provided by the selecting official.

The following non-citizen candidate(s) are referred for consideration for appointment in the Excepted Service under the provisions of MOA V-A 820.

### NON-CITIZEN(S)

BACHIR, HADJI

DESTINOBLE, ESAI

S DONANGMAYE, TIMOTHEE ✓

_Marie Lennon_

KELU CHAO

3/8/06

Ibrissa S. Dia, French to Africa Service Chief

Selecting Official's Signature & Possible EOD

APPOINTING AUTHORITY: IBB-1-06-49

THIS CERTIFICATE IS VALID ONLY FOR THE POSITION, TITLE, SERIES GRADE(S) AND LOCATION INDICATED ABOVE.

00108

*Broadcasting Board of Governors*

**INTERNATIONAL BROADCASTING BUREAU**



August 2, 2005

Mr. Carlos Martinez
13226 NW 8th Terrace
Miami, FL 33182

Dear Mr. Martinez:

This is in response to the recent application you submitted for position of a Supervisory International Broadcaster (Spanish), GS-1001-14 advertised under vacancy announcement M/P-05-61.

No selection was made under this announcement, <u>the position will be reposted and the requirements will be different</u>, if you are still interested in the position you must reapply. Applications will not be returned.

You can learn about our Agency and available career opportunities by visiting our webpage @ www.ibb.gov or you can call our jobline at (202) 619-0909. This is a recorded announcement that is updated each Monday and may be accessed at any time.

Thank you for your interest in the International Broadcasting Bureau and I wish you much success in your future endeavors.

Sincerely,

Susan King
Human Resource Specialist
Office of Personnel

Broadcasting Board of Governors

**INTERNATIONAL BROADCASTING BUREAU**



February 2, 2006

Mr. Carlos Martinez
13226 NW 8th Terrace
Miami, FL 33182

Dear Mr. Martinez:

This is in response to the recent application you submitted for position of a Supervisory International Broadcaster (Spanish), GS-1001-14 advertised under vacancy announcement M/P-05-142.

No selection will be made from this announcement.

You can learn about our Agency and available career opportunities by visiting our webpage @ www.ibb.gov or you can call our jobline at (202) 619-0909. This is a recorded announcement that is updated each Monday and may be accessed at any time.

Thank you for your interest in the International Broadcasting Bureau and I wish you much success in your future endeavors.

Sincerely,

Susan King
Human Resource Specialist
Office of Personnel

MEMORANDUM TO:    M/PO-    Prell Murphy
                           Chief of Operations

FROM:              VOA/LAF- Idrissa Seydou Dia    ISD
                           Chief, French to Africa

SUBJECT:           Selection of a non-citizen

DATE:              March 22, 2006

Mr. Timothee Donangmaye, a non-citizen (with a pending swearing in as a US citizen) has been selected for a vacant GS-13 multi-media Senior Editor position at the French to Africa Service, dealing with radio, TV and Internet. Mr. Donangmaye received the highest score from the panel convened to examine the candidates' qualifications and interview each one of them. Indeed, Mr. Donangmaye has a professional experience more relevant to the needs of French to Africa, and our target area. He got his journalism degrees in French speaking schools of higher learning, and in US Universities as a former Fulbright scholar. As a practicing journalist, he has done extensive work (in French) for a news agency in his native Chad and for VOA since he joined French to Africa eleven years ago as an IB. He has been preparing and hosting since 2001, as the main anchor, our weekly TV program, Washington Forum. He has been also editing (as a volunteer) our Web page after taking the required courses on CommonSpot. Since I have known him, Mr. Donangmaye has always been counted on to help the Service when faced with an emergency due to our chronic staff shortage. A true believer in teamwork, and in fostering harmony among staffers, Mr. Donangmaye is one of those rare employees who can work virtually with anybody. Above all, his extensive knowledge of and familiarity with African political, economic and cultural environments is not met by any of the other candidates.

The professional experience of US citizens Ali Akkache and Rachid Jaafar (second highest score) is more relevant to the Arab world. They do not show any recent work on issues relevant to our target. US citizen Camille Grosdidier, through her work as a French-to-Africa IB, has a better knowledge of Sub-Saharan Africa than Mr. Akkache and Mr. Jaafar. But still not as extensive as that of Mr. Donangmaye. As of the date of the panel meeting and interviews, Ms. Grosdidier has never dealt with our Web site, nor has she taken by then the required courses for CommonSpot. Furthermore, I'm fully aware of my 2 colleagues respective strengths and weaknesses when it comes to the French language and African issues, as well as their inter-actions with colleagues in the service -- for having worked with both of them since they joined French-to-Africa. I'm satisfied that, for this specific position, Mr. Donangmaye is the candidate to be selected.

Approved: _____    29 March 06
          M. LaPrell Murphy
          Chief, Operations Division
          IBB Office of Human Resources

00109