UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMILLE GROSDIDIER *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 07-1551 (ESH) |
| ) | |
| JAMES K. GLASSMAN, Chairman of the ) | |
| Broadcasting Board of Governors, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, TO STRIKE THE CLASS CLAIMS

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant James K. Glassman, Chairman of the Broadcasting Board of Governors ("BBG"), by and through his undersigned counsel, respectfully moves to dismiss this action in its entirety for lack of subject matter jurisdiction. In the alternative, defendant moves to strike all class claims for plaintiffs' failure to comply with Local Civil Rule 23.1(b). The grounds for the requested relief are set forth in the attached memorandum.

Because this motion potentially disposes of all of plaintiffs' claims, the undersigned did not consult with plaintiffs' counsel with regard to the relief sought prior to filing it. See Local Civil Rule 7(m). Out of professional courtesy, given that an answer was previously filed in this case, undersigned counsel did alert plaintiffs' counsel to the deviation from what counsel had previously discussed in terms of presenting this case to the Court for resolution.

Dated: March 12, 2008.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAMILLE GROSDIDIER *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>JAMES K. GLASSMAN, Chairman of the<br>  Broadcasting Board of Governors,<br><br>    Defendant. | Civil Action No. 07-1551 (ESH) |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS FOR LACK OF JURISDICTION
### OR, IN THE ALTERNATIVE, TO STRIKE THE CLASS CLAIMS

Plaintiffs are three employees of the Broadcasting Board of Governors ("BBG" or "Agency"). Plaintiffs, all of whom are U.S. citizens, each complain that they have applied for promotions within BBG that each was denied and the positions were given to non-citizens under the BBG's statutory hiring authority at 22 U.S.C. § 1474, which provides statutory authority for the Agency to hire non-citizens who are better qualified than applicants who are U.S. citizens.

In this action, plaintiffs seek judicial review of the Agency's promotion decisions which, they allege, violated the law and injured them. Plaintiffs are not seeking relief under Title VII of the 1964 Civil Rights Act, as amended, presumably because citizenship is not a protected category. See 42 U.S.C. § 2000e-16. Instead, plaintiffs seek to proceed under the Administrative Procedure Act, 5 U.S.C. § 706, and to have the Court reverse each of the decisions employing non-citizens instead of the named plaintiffs, as well as to represent a class of allegedly similarly-situated U.S. citizens who were also allegedly wrongfully denied positions.

Plaintiffs may not proceed as they would like because the Court lacks jurisdiction over their claims. Plaintiffs bear the burden of establishing this Court's jurisdiction, and the jurisdictional issue should be addressed first. See Amican Farm Bureau v. Envt'l Prot. Agency, 121 F.Supp.2d 84, 90 (D.D.C. 2000); Galvan v. Federal Prison Indus., 199 F.3d 461, 463 (D.C. Cir. 1999) ("Jurisdiction must be established before a federal court may proceed to any other question."). The APA does not provide relief where there is another adequate alternative remedy, and here that alternative is found under the exclusive remedial scheme erected by the Civil Service Reform Act, 5 U.S.C. § 7701. Because the Civil Service Reform Act is the exclusive remedy for the claims plaintiffs seek to raise here, the Court lacks jurisdiction. Instead of coming into this Court, plaintiffs are required to begin by initiating a complaint through the Office of Special Counsel with review provided in the Merit Systems Protection Board and, ultimately, in the Federal Circuit. Although this Court possesses limited jurisdiction under the mandamus statute, 28 U.S.C. § 1361, to require the Office of Special Counsel to fulfill its role, plaintiffs here have not even alleged that they have ever begun the process, and hence this Court currently lacks jurisdiction.

Moreover, because plaintiffs failed to move for certification of any class prior to the deadline imposed by Local Civil Rule 23.1(b), any class claims should be stricken if the Court were to find that it has jurisdiction.

### I.    Standard of Review

A Rule 12(b)(1) motion "tests the legal sufficiency of the complaint." ACLU Foundation of Southern Calif. v. Barr, 952 F.2d 457, 472 (D.C. Cir. 1991). Federal court jurisdiction cannot be presumed, but must be affirmatively and distinctly plead in the complaint. Norton v.

Larney, 266 U.S. 511, 515-16 (1925).  The "United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Sherwood, 312 U.S. 584, 586 (1941); see also United States v. Mitchell, 445 U.S. 535, 538 (1980).  Waivers of sovereign immunity cannot be implied, but must be unequivocally expressed.  Mitchell, 445 U.S. at 538 (quoting United States v. King, 395 U.S. 1, 4 (1969)).  In addition, such statutory waivers "are to be construed strictly in favor of the sovereign."  McMahon v. United States, 342 U.S. 25, 27 (1951) (footnote omitted).

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Bd., 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)), aff'd, 346 F.3d 192 (D.C. Cir. 2002), cert. denied, 543 U.S. 809 (2004).  This is particularly important here because plaintiffs are seeking to circumvent the exclusive remedial scheme provided by the Civil Service Reform Act.

**II.    The Court Lacks Jurisdiction Because the Nature of Plaintiffs' Claims Bring Them Within the Exclusive Remedial Scheme Under the Civil Service Reform Act**

Pursuant to the CSRA both federal employees and applicants to federal positions have the right to file an action with the MSPB that alleges that a prohibited personnel action occurred,

including prohibited actions that involve promotions or appointments. 5 U.S.C. §§ 2301(b)(2), 2302(a)(2)(A)(i-ii). In the instant case, because plaintiffs are federal employees who allege they have been denied promotions in which the Agency committed a prohibited personnel practice by violating the merit system principle embodied in 5 U.S.C. § 2302(b)(6), they have a right of action with the MSPB, through the Office of Special Counsel. Because plaintiffs have a right of action before the MSPB, each is foreclosed from pursuing an APA claim in this Court because the remedial scheme provided by the CSRA is the exclusive remedy for the injuries plaintiffs complain about, and any appeal from the MSPB's decision is to the United States Court of Appeals for the Federal Circuit.[1] Cf. Telecommunications Research & Action Ctr. v. Federal Comm. Comm'n, 750 F.2d 70, 75, 77-78 (D.C. Cir. 1984) (holding that where a statute vests review of an agency's actions in a Court of Appeals, then in cases seeking relief that could affect that court's future jurisdiction, judicial review rests exclusively in the Court of Appeals).

The MSPB has exclusive jurisdiction with respect to federal personnel actions. While plaintiffs have not alleged that the acts they complain of constitute a prohibited personnel practice in their complaint, the Court is not bound by their legal conclusions or characterizations.

---

[1] Plaintiff Grosdidier was previously advised of the exclusivity of the jurisdiction of the Merit Systems Protection Board over her claim. Before coming into this Court, Plaintiff Grosdidier filed a putative class action in the Court of Federal Claims (No. 06-622-C) under the Tucker Act, 28 U.S.C. § 1491(a)(1), and sought back pay and other relief under the theory that she, and others similarly situated to her, had been wrongfully denied promotions that were given to non-citizens in violation of 22 U.S.C. § 1474. In other words, Plaintiff Grosdidier sought essentially the same relief in the Court of Federal Claims as she seeks from this Court. The Court of Federal Claims found that it lacked jurisdiction over Plaintiff Grosdidier's claims because she alleged that BBG had engaged in a prohibited personnel practice over which the MSPB has exclusive jurisdiction. See Grosdidier v. United States, 77 Fed. Cl. 106 (Fed. Cl. 2007).

See Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); Kivanc v. Ramsey, 407 F. Supp. 2d 270, 277 (D.D.C. 2006).  Although plaintiffs may not have alleged that BBG's non-selections of them constituted a "prohibited personnel practice" as such, the Court is free to determine that they are alleging the violation of the merit system principles outlined in federal law and regulation.

>The CSRA
>
>"comprehensively overhauled the civil service system . . . creating an elaborate 'new framework for evaluating adverse personnel actions against [federal employees].'  It prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review."  U.S. v. Fausto, 484 U.S. 439, 443 (1988) (citations omitted).  The CSRA remedial scheme is the "comprehensive system for reviewing personnel action taken against federal employees."  Id. at 455.

Kleiman v. U.S. Department of Energy, 742 F. Supp. 697, 698-99 (D.D.C. 1990).  "The types of personnel actions covered by the Act and the review available can be divided into three categories:  (1) for major personnel actions specified in the statute ("adverse actions"), direct judicial review [before the Federal Circuit Court of Appeals] after extensive prior administrative proceedings; (2) for specified minor personnel actions infected by particularly heinous motivations or disregard of law ("prohibited personnel practices"), review by the Office of Special Counsel ("OSC"), with judicial scrutiny [by the Federal Circuit Court of Appeals]" limited, at most, to insuring compliance with the statutory requirement that the OSC perform an adequate inquiry;" (3) for the specified minor personnel actions not so infected, and for all other minor personnel actions, review by neither OSC nor the courts."  Kleiman, 742 F. Supp. at 99, n.2 (citing Carducci v. Regan, 714 F.2d 171, 175 (D.C. Cir. 1983) (citations omitted)).  The

Supreme Court has described this framework as "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." United States v. Fausto, 484 U.S. 439, 445 (1988).

In this case, plaintiffs are accusing the Broadcasting Board of Governors ("BBG") of violating 22 U.S.C. § 1474(1) which provides statutory authority for the Agency to hire non-citizens who are better qualified than applicants who are U.S. citizens. In other words, each plaintiff alleges that BBG lacked statutory authority to hire a non-citizen instead of each of them because the non-citizen was not equally or better qualified. These allegations fit comfortably into a violation of a specific merit principle defined by statute:

> Any employee who has the authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority - - -
>
> (6) grant any preference or advantage not authorized by law, rule, or regulation to any employee or applicant for employment (including defining the scope or manner of competition or the requirements for any position) for the purpose of improving or injuring the prospects of any particular person for employment . . .

5 U.S.C. § 2302(b)(6). The selection decisions at issue plainly qualify as "personnel actions." See 5 U.S.C. § 2302(a)(2)(A)(ii). Because plaintiffs' claim is that 22 U.S.C. § 1474 is being wrongfully applied to create a preference for non-U.S. citizen applicants, it directly implicates this merit system principle and falls within the ambit of the CSRA.

The CSRA bars judicially-created damages remedies even though the CSRA does not provide for full administrative remedies and judicial review of such actions. Spagnola v. Mathis, 859 F.2d 223 (D.C. Cir. 1988). Specifically, the CSRA precludes APA actions challenging

personnel decisions, including those concerning promotions.  Carducci v. Regan, 714 F.2d 171, 174 (D.C. Cir. 1983); see also Harrison v. Bowen, 815 F.2d 1505, 1513 (D.C. Cir. 1987) (the CSRA "had the effect of depriving employees of a right of judicial review under the APA that they probably had prior to the enactment of the CSRA."); National Treasury Employees Union v. Egger, 783 F.2d 1114, 1116 (D.C. Cir. 1986) (affirming dismissal for lack of jurisdiction over APA claim and reviewing the plaintiff's allegations to determine whether the allegations directly concerned a merit systems principle enunciated in the CSRA under § 2302(b)(12)).[2]  This includes claims that the agency violated its own regulations.  Graham v. Ashcroft, 358 F.3d 931, 935-56 (D.C. Cir. 2004).  These are precisely the types of actions plaintiffs are attempting to challenge here under the APA.

      Plaintiffs may not escape the exclusiveness of the CSRA's remedial scheme by seeking other relief.  In particular, plaintiffs' prayers for relief include a demand for an award of back pay.  In Hubbard v. Administrator, Envtl. Prot. Agency, 982 F.2d 531 (D.C. Cir. 1992) (*en banc*), the D.C. Circuit addressed the right of an employee to seek such a remedy for alleged First Amendment violations.  After analyzing the statutory waiver of immunity applicable to such claims, 5 U.S.C. § 702 (waiving immunity as to claims for "relief other than money damages"), the D.C. Circuit  concluded that a plaintiff cannot recover back pay because an award of back pay is essentially compensatory in nature and not equitable, and "Congress has not expressed an unequivocal intent to waive sovereign immunity for such relief."  Hubbard, 982 F.2d at 532.

---

[2] There is a limited exception:  in Barnhart v. Devine, 771 F.2d 1515 (D.C. Cir. 1985), this Court suggested that the only potential remedy for nonconstitutional claims might be "mandamus . . . to compel [the OSC] to perform its statutory duty." Id. at 1524.  Because plaintiffs fail to allege that they have filed any complaint with the Office of Special Counsel, Barnhart clearly does not apply.

There is no basis on which to deviate from this principle here, and plaintiffs cannot make an end-run around the process enacted by the CSRA by seeking damages under the guise of a back pay award. See Van Drasek v. Lehman, 762 F.2d 1065, 1071 n.11 (D.C. Cir. 1985) (district court jurisdiction cannot be manufactured by "disguising a money claim" as an equitable one).

Importantly, section 704 was not intended to grant general review of agency opinions to district courts. As the Supreme Court itself noted: "[section 704] does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." Bowen v. Massachusetts, 487 U.S. 879, 903 (1988) (quoting *Attorney General's Manual on the Administrative Procedure Act* § 10(c), p. 101 (1947)). This is one such instance, and plaintiffs' complaint should be dismissed for lack of jurisdiction. Fed. R. Civ. P. 12(b)(1).

### III.   Ever If Jurisdiction Exists, Which It Does Not, All Class Claims Should Be Dismissed

Even were the Court to possess jurisdiction over any aspect of this case, plaintiffs' class claims should be stricken for their failure to present them as required and within the time established by Local Civil Rule 23.1(b). In addition, the type of claims plaintiffs envision, which are analogous to employment discrimination claims, are not suitable for treatment as a class and, as a result, fail to meet the requirements of Fed. R. Civ. P. 23.

#### A.   Plaintiffs Have Failed to Comply with Local Rule 23.1(b)

Local Rule 23.1(b) requires that: "Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period, the plaintiff *shall* move for a certification . . . that the case may be so maintained. . . . A defendant may move at any time to strike the class action allegations or to

dismiss the complaint." (Emphasis added). Plaintiff Camille Grosdidier filed the original complaint on August 31, 2007, and filed an amended complaint on November 5, 2007 adding plaintiffs Jorge Bustamante and Carlos Martinez, but still plaintiffs have not moved for class certification. For this reason alone, Plaintiffs' class claims should be stricken. Howard v. Gutierrez, 474 F.Supp.2d 41, 53-57 (D.D.C. 2007), reconsideration denied, 503 F.Supp.2d 392 (D.D.C. 2007); see Thomas v. Knight, 257 F. Supp. 2d 86, 91 n.5 (D.D.C. 2003) ("In addition, the Court notes that although the plaintiff has asserted a class action claim, he has failed to file a motion to certify the class within 90 days of the filing of the complaint as required by this Court's Local Rule 23.1(b). . . . Therefore, this Court will deny the plaintiff's request for class certification and consider his claim only with respect to himself as an individual."). See also Martin v. Middendorf, 1977 WL 821, *2 (D.D.C. 1977) (refusing to reconsider order denying class certification on ground, *inter alia*, that "the 90-day deadline for seeking class action certification . . . expired long before counsel filed the instant motion.").

### B.    Plaintiffs Fail To Allege the Prerequisites for Class Certification

Class certification is governed by Fed.R.Civ.P. 23, the provisions of which are designed principally to promote the efficient and economical conduct of litigation. American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 553 (1974). A class action generally enables courts "to treat common claims together, obviating the need for repeated adjudication of the same issues." In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768, 783 (3rd Cir.), cert. denied, 516 U.S. 824 (1995). The class action device is "'an exception to the rule that litigation is conducted by and on behalf of the individual named parties only.'" General

Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 155 (1982) (quoting Califano v. Yamasaki, 442 U.S. 682, 700-701, (1979)).

> Fed. R. Civ. P. 23 provides that a court may only entertain a class action if:
>
> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); Falcon, 457 U.S. at 156; Hartman v. Duffey, 19 F.3d 1459, 1468 (D.C. Cir. 1994).[3]

The party seeking class certification bears the burden of proof as to each element. Smith v. Merchants & Farmers Bank, 574 F.2d 982, 983 (8th Cir. 1978); Hopper v. Schweiker, 596 F. Supp. 689, 691 (M.D. Tenn. 1984), aff'd mem., 780 F.2d 1021 (6th Cir. 1985), cert. denied, 475 U.S. 1111 (1986). Failure to meet even one of these criteria requires dismissal of the class complaint. See e.g., Harriston v. Chicago Tribune Co., 992 F.2d 697, 703 (7th Cir. 1993); McCarthy v. Kleindienst, 741 F.2d 1406, 1410 (D.C. Cir. 1984); Kas v. Financial General Bankshares, Inc., 105 F.R.D. 453 (D.D.C. 1985); Pendleton v. Schlesinger, 73 F.R.D. 506, 508 (D.D.C. 1977).

Consistent with the exceptional nature of class actions, the Supreme Court has limited certification to cases where a rigorous analysis has shown that the requirements of Rule 23(a) have been satisfied. Falcon, 457 U.S. at 161. In other words, "actual not presumed, conformance with Rule 23(a) [is] . . . indispensable." Id. at 160; see Wagner v. Taylor, 836

---

[3] In addition, the plaintiffs must demonstrate that the proposed class action satisfies one of the categories set forth in Rule 23(b). Finally, subsection (c) provides that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

F.2d 578, 594 (D.C. Cir. 1987).  Mere conclusory averments are insufficient to obtain class certification.  See In re American Medical Systems, Inc., 75 F.3d 1069, 1083, 1086 (6th Cir. 1996); Gonzalez v. Brady, 136 F.R.D. 329 (D.D.C. 1991).

      Whether to certify a class is within the broad discretion of the trial court.  Fed.R.Civ.P. 23(c)(1); Hartman, 19 F.3d at 1471.  Further, while in no way a determination of the merits, inspection of "the circumstances of the case is essential to determine whether the prerequisites of . . . Rule 23 have been met."  Wagner, 836 F.2d at 587; see also Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978)("class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action"); Cooper v. Southern Company, 390 F.3d 695, 712 (11th Cir. 2004); Rodriquez v. U.S. Dept. of Treasury, 131 F.R.D.1, 8 (D.D.C. 1990)("an analysis of the nature of the proof which will be required at trial is directly relevant to a determination whether the matters in dispute are principally individual in nature or are susceptible of proof equally applicable to all class members").

      The typicality and commonality requirements of Rule 23 are distinct but interrelated.  As the Supreme Court has explained "[t]he commonality and typicality requirements of Rule 23(a) tend to merge."  Falcon, 457 U.S. at 157 n. 13.  Commonality looks to the extent to which all members of a putative class have similar claims and typicality assesses the nexus between the individual claims of the named representatives and those of the class at large.  Cooper, 390 F.3d at 713.  While the claims of all class members need not be identical and factual differences do not necessarily defeat commonality, the claims of all putative class members must share "the same essential characteristics" and have "such common features that rulings c[an] be fashioned to fairly adjudicate the claims as a group.:  Id. at 713 & 715.  Commonality exists where "it is

- 11 -

unlikely that differences in the factual backgrounds of each claim will affect the outcome of the legal issue." Califano, 442 U.S. at 701.  Accordingly, courts have frequently declined to certify classes where class certification has been sought for employees in widely diverse job types, spread throughout different facilities and geographic locations.  See Cooper, 390 F.3d at 704 & 715(no commonality for putative class claims of discrimination regarding promotion opportunities, performance evaluations, compensation and hostile environment where workforce was diverse, and management structures, working environments and criteria for employment decisions varied substantially); see also Bacon v. Honda of America Mfg., Inc., 370 F.3d 565, 571-72 (6th Cir. 2004) (no commonality for promotion claim where diverse group of workers subject to differing promotion criteria that included objective measures were spread over numerous departments in different locations); Stastny v. Southern Bell Tel. & Tel. Co., 628 F2d 267, 278-79 (4th Cir. 1980) (no commonality where geographically dispersed facilities have autonomy with regard to challenged employment decisions); Bradford v. Sears, Roebuck & Co., 673 F.2d 792, 794-95 (5th Cir. 1982) (same).  While certification determinations are inherently fact specific, there is a "literal avalanche" of cases in which courts have refused class certification on the ground that decentralized decision-making defeats commonality. McReynolds v. Sodexho Marriott Services, Inc., 208 F.R.D. 428, 442 & n. 22 (D.D.C. 2004) (class claim alleging discrimination in promotion to high level managerial positions certified notwithstanding decentralized decision-making because promotion practices were "entirely subjective" and decision-makers had "unfettered discretion.").[4]

---

[4] McReynolds was correct that courts in most jurisdictions have held that decentralization defeats commonality. See e.g., Abram v. UPS of Am., Inc., 200 F.R.D. 424, 432 (E.D. Wis. 2001);Bradford, 673 F.2d at 794-96; Stastny, 628 F.2d at 279; Doninger v. Pac. N.W. Bell, Inc.,

Even in an across-the-board employment discrimination class action, it is not enough that the common question of law or fact is the common threat of discrimination that confronts all members of the class. See Wagner v. Taylor, 836 F.2d at 593.  Rather, the Supreme Court has made clear that an across-the-board class meets the requirements of commonality and typicality only upon "significant proof that an employer operated under a general policy of discrimination," Falcon, 457 U.S at 147, and that "the discrimination manifested itself . . . in the same general fashion, such as through entirely subjective decision making processes."  Id. at 147 n.15.  (See Hartman, 19 F.3d at 1469, explaining that Falcon and East Texas Motor Freight Sys., Inc. v. Rodriquez , 431 U.S. 395, 405 (1977), "effectively repudiated the earlier line of appellate court cases that would automatically certify an across-the-board class based solely upon a complaint alleging group discrimination . . [and] established that class certification under Rule 23 – even in Title VII group discrimination cases—could only be granted after a rigorous analysis of whether adjudication of the named plaintiffs' claims and those of the class would indeed share common issues of fact and law." ).

---

564 F.2d 1304, 1311 (9th Cir. 1977); Beck v. Boeing Co, 203 F.R.D. 459 463 (W.D. Wash. 2001); Faulk v. Home Oil Co., 184 F.R.D. 645, 655 (M.D. Ala. 1999); Reyes v. Walt Disney World Co., 176 F.R.D. 654, 658 (M.D. Fla. 1998); Abrams v. Kelsey-Seybold Med. Group, Inc., 178 F.R.D. 116, 129 (S.D. Tex. 1997); Zapata v. IBP, Inc., 167 F.R.D. 147, 159 (D. Kan. 1996); Rosenberg v. Univ. of Cincinnati, 654 F. Supp. 774, 778 (S.D. Ohio 1986); Rowinski v. Vaughn, 76 F.R.D. 241, 244 & n.21(D.D.C. 1977); 5 Newberg on Class Actions, §24.21.  It is debatable whether McReynolds, 208 F.R.D. at 442 & n. 22, was also correct that circuit precedent precluded such a determination in the case there at issue.  Neither Wagner nor Hartman presented the decentralization issue, much less analyzed its implications for the commonality determination.  In any event, promotion practices at the BBG stand in stark contrast to those at Sodexho, where the promotion pool was company-wide, interdivisional promotions were frequent, and decision-makers were provided no guidance or rules applicable to their promotion decisions but allowed to use whatever selection criteria they chose.  Id. at 432-33 and, 441-42.

Additionally, to obtain certification the class must provide significant proof that this allegedly unlawful policy "pervaded all of the employer's challenged employment decisions." Hartman, 19 F.3d at 1472.  Typically, cases in which courts have certified "across-the- board" class actions involve allegations that all of the challenged decisions are made through a subjective process, in which a group of white supervisors exercise total or near total discretion in a discriminatory fashion.  See Richardson v. Byrd, 709 F.2d 1016, 1020 (5th Cir.), cert. denied, 464 U.S. 1009 (1983); Garcia v. Veneman, 211 F.R.D. 15, 20 & n. 4 (D.D.C. 2002) renewed motion for certification denied, 224 F.R.D. 8, 23 (2004)(commonality lacking because challenged decisions had some objective bases and, notwithstanding "increase[ed] subjectivity quotient," still not "entirely subjective'").

In this regard it warrants note that subjectivity in personnel decision-making is not *per se* discriminatory.  See Watson v. Ft. Worth Bank & Trust, 487 U.S. 977, 999 (1988) ("It is self-evident that many jobs . . . require personal qualities that have never been considered amenable to standardized testing."); Denney v. City of Albany, 247 F.3d 1171, 1185-86 (11th Cir. 2001) ("[A]n employer's use of subjective factors in making a hiring or promotion decision does not raise a red flag."); Reid v. Lockheed Martin Aeronautics Co., 205 F.R.D. 655, 670-71 (N.D. Ga. 2001)("[L]ocal  subjectivity . . . cuts against the inference that multi-facility class was subjected to common discrimination . . . ."); Robertson v. Sikorsky Aircraft Corp., 2000 WL 33381019 at *3 (D. Conn. July 5, 2001) ("[Subjectivity] is unavoidable when dealing with upper level or professional positions.").

A class action complaint must allege "facts from which [a] district court could reasonably infer that the mandatory prerequisites of Fed.R.Civ.P.23(a) [have] been met," Smith v.

Transworld Systems, Inc., 953 F.2d 1025, 1033 (6th Cir. 1992), and deficient class allegations may be struck. Id.; LCvR 23.1(b) ("A defendant may move at any time to strike the class allegations or to dismiss the complaint."). As the Supreme Court has instructed, "sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . . . Falcon, 457 U.S. at 147. Here, the nature of the relief available under the APA, which is primarily declaratory or prospective, does not provide a basis for the sort of second-guessing of individual promotion decisions envisioned by plaintiffs. See Def.'s Opp. To Pls.' Motion to Supplement Admin. Record. Accordingly, even if jurisdiction exists and plaintiffs could overcome their failure to seek certification in a timely fashion as required by the Local Rule, class treatment is not appropriate.

## Conclusion

For all these reasons, the Court should dismiss this case in its entirety for lack of subject matter jurisdiction.

Dated: March 12, 2008.

                      Respectfully submitted,

                      _____
                      JEFFREY A. TAYLOR, D.C. Bar # 498610
                      United States Attorney

                      /s/_____
                      RUDOLPH CONTRERAS, D.C. Bar # 434122
                      Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161