IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMILLE GROSDIDIER,<br>Personally and as class representative<br><br>and<br><br>JORGE BUSTAMANTE<br>Personally and as class representative<br><br>and<br><br>CARLOS MARTINEZ<br>Personally and as class representative<br><br>Plaintiffs<br><br>v.<br><br>JAMES K. GLASSMAN,<br>Chairman, Broadcasting Board of Governors<br><br>Defendant | Case No. 07-cv-01551 (ESH) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

For their Reply to the Defendant's Opposition to their motion to supplement the Administrative Record, the Plaintiffs respectfully submit that the Defendant BBG is required to supplement the record for the following reasons, in addition to those offered in the Plaintiffs' motion.

**ARGUMENT IN REPLY**

The Defendant ("BBG") argues that the Administrative Record is sufficient because it permits the court to determine "whether BBG's interpretation of its statutory hiring authority for non-citizens is arbitrary, capricious, or contrary to law." *Opposition at 2*. The BBG may be correct that the record before the court is sufficient to identify the BBG's interpretation of the statute (22 U.S.C. § 1474). *Id.* Determining how the BBG interprets the statute is not sufficient, however, for this litigation. As the Defendant itself argues, "the court intervenes in the administration of the laws only when, and to the extent that, a specific final agency action has an actual or immediate threatened effect …. [T]he [Agency's] goal is only reviewable to the extent of the specific action that has been taken." *Opposition at 3*.

This passage of the BBG's Opposition reiterates what should have been clear by way of the Plaintiffs' Amended Complaint and Motion to Supplement the Record, that the basis of this APA claim is not only that the BBG acted arbitrarily, capriciously and in excess of its authority and/or violated its own rules, but that the individual and class plaintiffs incurred harm when the BBG acted arbitrarily, capriciously and in excess of statutory authority.

Without access to the records of the individual selections, the Plaintiffs will be prevented from demonstrating their individual harm. That is to say, they cannot demonstrate that the BBG's interpretation of the statute (and/or its own rules) caused them to be passed over in favor of a non-U.S. citizen in violation of the statute (and/or the BBG's rule) unless they can demonstrate exactly what the BBG did consider and what standard it applied in the course of the selections at issue. Without access to the records of the individual selection, the Plaintiffs cannot demonstrate how the Agency's conduct

in the individual selections violated the statute.  The BBG seems to acknowledge this in its Opposition at 9, wherein it writes "The relevance of plaintiffs' non-promotions is that they might provide standing for plaintiffs' challenge to BBG's interpretation of its statutory hiring authority conferred by the denial of promotions each alleges in the complaint."

The BBG rightly points out that an APA claim must be directed at a particular agency action. *Opposition at 2*. It then seeks to conceal the particular agency actions at issue by shielding the records of those actions from the Administrative Record in this case. The BBG appears to be attempting to create a self-fulfilling prophecy; it argues: If the BBG does not disclose records of its individual actions, then the Plaintiffs will be unable to demonstrate their individual harm. And if the Plaintiffs cannot demonstrate that they suffered individual harm, then they are not entitled to justice under the APA. Therefore, the BBG's argument goes, if the BBG conceals the details of its own actions, the Plaintiffs cannot state a claim against it.

The BBG's argument misses the mark.  Plaintiffs have alleged, by way of a well-pled complaint, that the BBG's actions were arbitrary and capricious and in excess of its statutory authority in violation of the APA and that they were harmed as a result of that violation.  The BBG may contest whether this court has jurisdiction to hear such a claim or whether the Plaintiffs have managed to assert an actionable claim, as it has done in its motion to dismiss, filed March 12, 2008.  The BBG cannot, however, limit the Administrative Record in such a way that it excludes the information that was before the Agency when it took the individual actions of selecting non-U.S. citizens over suitably qualified U.S. citizens in numerous selections over the past many years.

3

The Defendant has offered no meritorious argument that contradicts the well-recognized principle, reiterated in *James Madison Ltd. v. Ludwig*, 82 F.3d 1085 (D.C. 1996), that the administrative record must "include[] all materials compiled by the agency, that were 'before the agency at the time the decision was made.'") (*quoting Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971) and *Environmental Defense Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981).

The notion that the APA itself provides support for the proposition that the BBG "is not necessarily required to file a complete administrative record" (*Opposition at 4*) is quite a stretch, although the concession that the record is incomplete is not lost on the Plaintiffs and should not be lost on the Court. The BBG argues that the APA condones the issuance of an incomplete record in the language of 5. U.S.C. 706, "the court shall review the whole record or those parts of it cited by a party." This passage only supports the proposition that that the court is not required to independently pour over the administrative record independently to glean from it facts or arguments the parties fail to present in their briefs. The "it" referred to in the statute is "the whole record," thus the statute can be rephrased to read, "the court shall review the whole record or those parts of the whole record cited by a party." Nothing in the plain language of the statute would excuse the Agency from producing the whole record, especially where it is required to ensure that the Court makes a reasoned determination based on all available evidence.

Likewise, contrary to the BBG's (*Opposition at 5*) Local Rule 7(n) does not excuse an Agency for filing an incomplete Administrative Record. Instead, the Local Rule requires the parties to provide an appendix containing the portions of the Administrative Record on which the party relies so that the Court does not waste its time

4

digging through what are typically voluminous records – that is when the Agency complies with its obligation under the APA to produce the whole record. In sum, BBG has not supported its contention with any case law or other persuasive authority.

The undisputed state of the law on this issue is presented in *James Madison Ltd.*, 82 F.3d at 1095: "The administrative record includes <u>all materials</u> compiled by the agency, that were before the agency at the time the decision was made." (emphasis added).

The remainder of the BBG's brief is inapplicable to the current controversy since it focuses on the relief to which the Plaintiffs will be entitled if they are successful in demonstrating that the BBG's actions were in violation of the APA. *See, e.g., Opposition at 6* ("if the court determines that BBG has been incorrectly applying … 22 U.S. C. § 1474, then the proper course would be remand to the agency"), *Opposition at 7-8* (wherein the BBG argues that, in determining the appropriate remedy under *Larsen v. U.S. Navy*, 346 F. Supp. 2d 122 (D.D.C. 2004), the court will not be called on to review the individual selection records); at 10 ("The APA does not contemplate traveling back in time to examine whether the Agency's past decisions applying its current policy should be changed."). These arguments simply have no place in this motion exchange.

The Plaintiffs are not arguing that they need the Administrative Record merely in order to determine the appropriate remedy to their harm. Instead, the Plaintiffs are entitled to an Administrative Record so that they can demonstrate that they are entitled to relief in the first place. The question of the appropriate remedy would be the appropriate subject of a motion to dismiss or a post-summary judgment brief on remedy; it is not appropriate to the question of what documents the Administrative Record should include

or whether the documents currently produced constitute "<u>all materials</u> compiled by the agency, that were before the agency at the time the decision was made." *James Madison Ltd.*, 82 F.3d at 1095.

As the Plaintiffs argued in their original motion, in order to be sufficient, the Administrative Record must include the records that explain the basis for the Agency's rule as well as its actions in each selection decision in which a non-U.S. citizen was selected over an available U.S. citizen. At a minimum, this means that the Agency must produce records, going back six years prior to the date this civil action was filed, including but not limited to:

(1) The certificates of eligible candidates (or equivalent documents) that identify each candidate considered in each selection in which a non-U.S. citizen was selected over a U.S. citizen; *See, e.g.*, Exhibit 1.

(2) All documents on which the deciding officials based their decision to select each non-U.S. citizen despite the availability of one or more U.S. citizens;

(3) All documents reflecting a selecting official's decision to cancel and repost a vacancy announcement or to revise and repost a vacancy announcement under circumstances wherein U.S. citizens were available for selection to the original posting, but non-U.S. citizens were selected for the re-posted position. *See, e.g.*, Exhibit 2.

(4) Each memorandum (or equivalent document) used to justify and approve the selection of a non-U.S. citizen despite the availability of one or more U.S. citizens. *See, e.g.*, Exhibit 3.

**CONCLUSION**

For the foregoing reasons, and the reasons provided in the Plaintiffs' Motion to Supplement the Administrative Record, the Plaintiffs respectfully request that their motion be granted and that the BBG be order to supplement the administrative record accordingly.

Respectfully Submitted,
ALDERMAN, DEVORSETZ & HORA PLLC


_____/s/_____
Leslie D. Alderman III (477750)
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036
Phone: 202-969-8220
Fax: 202-969-8224
lalderman@adhlawfirm.com