UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAMILLE GROSDIDIER *et al.*,  )<br>  )<br> Plaintiffs, )<br> v. )<br>  )<br>JAMES K. GLASSMAN, Chairman of the )<br> Broadcasting Board of Governors, )<br>  )<br> Defendant. )<br>  ) | Civil Action No. 07-1551 (ESH) |

### JOINT NOTICE REGARDING DEFENDANT'S
### MOTION TO STRIKE CLASS CLAIMS

Counsel for the parties respectfully advise the Court of developments relating to the pending motions and those yet to be filed.

As part of its motion to dismiss the entire case for lack of jurisdiction, defendant also argued for dismissal of all class claims based on plaintiffs' failure to comply with the deadline in Local Civil Rule 23.1 for filing motions for class certification within 90 days of filing the complaint. See Def.'s Mem. at III, A [Docket Entry No. 13]. Under Local Civil Rule 23.1, the Court has the discretion to extend the period for filing motions for class certification. Nothing in this submission is intended to intrude upon that discretion.

After defendant filed his motion to dismiss, plaintiffs' counsel conferred with counsel for defendant for the first time specifically regarding the requirement in Local Rule 23.1 for the plaintiffs to move to certify the class. Counsel for the parties conferred regarding moving to extend the time for plaintiffs to file their motion for class certification. Because this matter is still at the early stages and the resolution of class claims would only be necessary if the Court

were to find that it has jurisdiction, defendant will not oppose a motion by plaintiffs to extend the time for filing the motion required by Local Rule 23.1(b) until thirty days after the Court either resolves defendant's motion to dismiss or, if that motion is denied, thirty days after the Court resolves plaintiffs' motion to supplement the administrative record, whichever is later.  Counsel for plaintiffs agrees that defendant's motion to dismiss should be decided first, and that deferring filing a motion for class certification until after the Court addresses its jurisdiction is appropriate under the circumstances.  Based on this agreement, and subject to the Court granting plaintiffs' motion for an extension of time to file a motion for class certification (to be filed separately), defendant respectfully withdraws only the portion of the argument in his motion to dismiss regarding dismissal of class claims based on the plaintiffs' failure to file a motion within the time period set out in Local Civil Rule 23.1.  In all other respects, defendant's motion remains unchanged, and defendant requests (1) that the Court adjudicate defendant's motion to dismiss (as modified herein) prior to any further proceedings in this case, and (2) that the case be dismissed for lack of jurisdiction for the reasons previously set forth in that motion to dismiss.

Dated: March 25, 2008.

Respectfully submitted,

| | |
|---|---|
| /s/_____ | _____ |
| LESLIE D. ALDERMAN, III, Bar #477750 | JEFFREY A. TAYLOR, D.C. Bar # 498610 |
| Alderman, Devorsetz & Hora PLLC | United States Attorney |
| 1025 Connecticut Avenue, N.W. | |
| Suite 615 | /s/_____ |
| Washington, D.C.  20036 | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
| (202) 969-8220 | Assistant United States Attorney |
| (202) 969-8224 (fax) | |

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161
(202) 514-8780 (fax)