IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMILLE GROSDIDIER, <br> Personally and as class representative <br><br> and <br><br> JORGE BUSTAMANTE <br> Personally and as class representative <br><br> and <br><br> CARLOS MARTINEZ <br> Personally and as class representative <br><br> Plaintiffs <br><br> v. <br><br> JAMES K. GLASSMAN, <br> Chairman, Broadcasting Board of Governors <br><br> Defendant | Case No. 07-cv-01551 (ESH) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, TO STRIKE THE CLASS CLAIMS**

The Plaintiffs seek relief under the Administrative Procedures Act because the Agency is selecting non-U.S. citizens when suitably qualified U.S. citizens are available in violation of 22 U.S.C. § 1474(1). As demonstrated below, this Court has jurisdiction over this case, since, among other things, the plaintiffs' claim is not within the exclusive remedial scheme under the Civil Service Reform Act of 1978.

**ARGUMENT**

*1. The Court Is Not Deprived Of Jurisdiction By The Civil Service Reform Act of 1978*

The Defendant argues that this Court is without jurisdiction over this claim because Congress intended the Civil Service Reform Act of 1978 (CSRA) to be the sole source for relief for all federal personnel disputes. Def's Memorandum at 4-8. The Defendant overstates the impact the CSRA has on the current controversy.

Plaintiffs do not dispute that the Administrative Procedures Act "excludes from its waiver of sovereign immunity claims for which an adequate remedy is available elsewhere and claims seeking relief expressly or impliedly forbidden by another statute." *See Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005) (*quoting Transohio Savings Bank v. OTS*, 967 F.2d 598, 607 (D.C. Cir. 1993 and referring to 5 U.S.C. § 702, which provides, "nothing herein … confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."). The Plaintiffs likewise do not dispute that the CSRA has, in many instances, been interpreted to deprive federal courts of jurisdiction when federal employees file actions directly in federal court without first resorting to the MSPB. *See e.g. Carducci v. Regan*, 714 F.2d 171 (D.C. Cir. 1983). The Plaintiffs do dispute, however, that the CSRA prohibits the Plaintiffs from asserting a cause of action under the Administrative Procedures Act for the claim at issue in this civil action.

The CSRA precludes actions for which the CSRA directly and explicitly provides the remedy and judicial review procedure. *See, e.g. Fornaro*, 416 F.3d at 66 (the remedial provisions in the CSRA "are exclusive, and may not be supplemented by the recognition of additional rights to judicial review having their sources outside the

CSRA). In addition, as the D.C. Circuit Court of Appeals explained in *Graham v. Ashcroft*, 358 F.3d 931 (D.C. Cir. 2004), the CSRA prohibits judicial review under two additional categories of personnel actions: (1) personnel actions of the type covered by the CSRA but as to which the CSRA grants no right of review because the personnel action is below the "CSRA minimum."[1] ((*Id.* at 934-35 - relying on the reasoning in *United States v. Fausto*, 484 U.S. 439, 449-50 (1988)); and (2) personnel actions, such as the one at issue in *Carducci v. Regan*, 714 F.2d 171 (D.C. Cir. 1983), for which the CSRA provided no relief at all "because the alleged adverse actions were too minor."

These cases stand for the proposition that where the CSRA has addressed a type of personnel action, an employee is stuck with the review procedures and remedies afforded (or not afforded) by the CSRA. *See e.g., Fornaro* 416 F.3d 67 ("so far as review of determinations under the CSRA is concerned, what you get under the CSRA is what you get."). This leaves open the question of whether the CSRA deprives courts of jurisdiction over claims, such as this one, that are not addressed by the CSRA.[2]

---

[1] This was the type of claim at issue in *Graham v. Ashcroft.* See *Id.* at 933, wherein the Court of Appeals notes that a letter of censure is not included as a major adverse personnel action under 5 U.S.C. § 7512

[2] Contrary to the Defendant's assertion (Def's Memorandum at 4, n. 1), the question presented here was not answered in *Grosdidier v. United States*, 77 Fed. Cl. 106 (Fed. Cl. 2007). The Defendant argues that "plaintiff Grosdidier was previously advised [by the Court of Federal Claims] of the exclusivity of the jurisdiction of the Merit system Protection Board over her claim;" however, the Court of Federal Claims dismissed Ms. Grosdidier's initial Tucker Act case on different grounds. The Court of Federal Claims ruled that it did not have jurisdiction over Ms. Grosdidier's claim (which was brought exclusively under the Tucker Act (28 U.S.C. § 1491(a)(1)), solely because Ms. Grosdidier was unable to demonstrate that 22 U.S.C. § 1474(1) was "reasonably amenable to the reading that it confers upon persons in plaintiff's position a right to money damages in the event the statute is violated," a prerequisite for bringing a claim under the Tucker Act. *Id.* at 110. Although the Defendant, in the Court of Federal Claims litigation, argued that the CSRA was the exclusive remedy for employees in Ms.

The question left unanswered by *Fornaro, Carducci, and Fausto, supra*, has been answered by the Federal Circuit Court of Appeals in *Worthington v. United States*, 168 F.3d 24 (Fed. Cir. 1999). In that case, the Federal Circuit held that, while the Courts are deprived of jurisdiction over "personnel actions covered by the CSRA[,] the CSRA … does not encompass every adverse personnel action against a federal employee."

In *Worthington,* the Federal Circuit was called upon to determine whether the CSRA prohibited the lower court from exercising jurisdiction over the employee's claim that the Agency had violated the Federal Employees Flexible and Compressed Work Schedules Act (5 U.S.C. §§ 6120-6133 (1994)) by forcing him to work a compressed work schedule. The court held, "to determine the coverage of the CSRA, this court assesses the jurisdiction of the Board, the primary institution for adjudicating an employee's allegations of prohibited personnel practices under the CSRA. For example, where the Board has jurisdiction over a claim, this court has held that the Claims Court does not." *Id.* at 26. The Court went on to review the statutory and regulatory provisions governing the Board's jurisdiction and determined that since none applied, the court had jurisdiction over the employee's claim. *Id.* at 27.

In this case, the Defendant argues that 5 U.S.C. § 2302(b)(6) applies to bestow the MSPB with jurisdiction over this controversy. *Def's Memorandum at 6.* Section 7701(b)(6) includes, as a prohibited personnel act, the:

---

Grosdidier's position (Exhibit 1, Def's Memorandum for the Court of Federal Claims, p. 5-6), the Court of Federal Claims never once mentioned that argument in its decision dismissing Ms. Grosdidier's claim. *Id.* The Court of Federal Claims dismissed Ms. Grosdidier's complaint without prejudice (*id.* at 110), presumably to preserve her right to pursue a remedy under a more appropriate statutory authority, which is what she and her co-plaintiffs have done in this Court.

4

> Grant[ing of] any preference or advantage not authorized by law, rule, or regulation to any employee or applicant for employment (including defining the scope or manner of competition or the requirements for any position) for the purpose of improving or injuring the prospects of any particular person for employment.

An examination of this provision reveals that it does not apply for several reasons. First, the law prohibits the "grant [of] any preference or advantage not authorized by the law to an employee or applicant." But the Plaintiffs do not argue that the Agency has granted any "preference or advantage" to the non-U.S. citizens who have been selected. No "preference or advantage" is given to non-U.S. citizens when the Defendant ignores the mandate in 22 U.S.C. § 1474(1) only to hire non-U.S. citizens when "suitably qualified United States citizens are not available when job vacancies occur."[3] Instead, of granting the non-citizens a "preference or advantage," the Agency is simply considering non-U.S. Citizens without respect to the restriction imposed by statute. Section 2302(b)(6), however, does not include the failure to apply a restriction imposed by law as a "prohibited personnel practice."

Section 2302(b)(6) does not apply, additionally, because the Defendant's conduct is not intended "for the purpose of improving or injuring the prospects of any particular person for employment." It is important to note that the Plaintiffs do not assert, and the APA does not require them to demonstrate, that the Defendant intended to disadvantage them specifically by its actions. Instead, the Plaintiffs are willing to believe (*arguendo* for the purpose of this litigation only) that the Defendant's motivation for ignoring the

---

[3] The statute reads, in pertinent part: "the Secretary, or any Government agency authorized to administer such provisions, may (1) employ … aliens within the United States and abroad for service in the United States relating to the translation or narration of colloquial speech in foreign languages or the preparation and production of foreign language programs when suitably qualified United States citizens are not available when job vacancies occur."

5

requirements of 22 U.S.C. § 1474(1) was only to make it easier for it to fill vacant positions without the restrictions normally imposed on hiring non-citizens to federal positions. Plaintiffs argue – without regard to the Defendant's intent – that the Defendant's interpretation of 22 U.S.C. § 1474(1) is simply arbitrary and capricious and/or in violation of its statutory authority. The fact that there will be no argument and no indication in this litigation that the Defendant is intentionally violating the law "<u>for the purpose of</u> improving or injuring the prospects of any particular person" (emphasis added) lends another reason to find that 5 U.S.C. § 2302(b)(6) does not apply to this controversy.

In addition to failing to demonstrate that the Plaintiff has alleged any "prohibited personnel practice" enumerated in 5 U.S.C. § 2302(b), the Defendant has additionally failed to demonstrate or to justify its contention that this cause of action would be included in either the MSPB's original or appellate jurisdiction. 5 C.F.R. § 1201.3, defines the MSPB's appellate jurisdiction to include only:

> (1) Reduction in grade or removal for unacceptable performance (5 CFR part 432; 5 U.S.C. 4303(e));
>
> (2) Removal, reduction in grade or pay, suspension for more than 14 days, or furlough for 30 days or less for cause that will promote the efficiency of the service. (5 CFR part 752, subparts C and D; 5 U.S.C. 7511-7514);
>
> (3) Removal, or suspension for more than 14 days, of a career appointee in the Senior Executive Service (5 CFR part 752, subparts E and F; 5 U.S.C. 7541-7543);
>
> (4) Reduction-in-force action affecting a career appointee in the Senior Executive Service (5 U.S.C. 3595);
>
> (5) Reconsideration decision sustaining a negative determination of competence for a general schedule employee (5 CFR 531.410; 5 U.S.C. 5335(c));
>
> (6) Determinations affecting the rights or interests of an individual or of the United States under the Civil Service Retirement System or the Federal Employees' Retirement System (5 CFR parts 831, 839, 842, 844,

6

and 846; 5 U.S.C. 8347(d)(1)-(2) and 8461(e)(1); and 5 U.S.C. 8331 note, Federal Erroneous Retirement Coverage Corrections Act);

(7) Disqualification of an employee or applicant because of a suitability determination (5 CFR 731.501);

(8) Termination of employment during probation or the first year of a veterans readjustment appointment when: (i) The employee alleges discrimination because of partisan political reasons or marital status; or (ii) The termination was based on conditions arising before appointment and the employee alleges that the action is procedurally improper (5 CFR 315.806, 38 U.S.C. 4214(b)(1)(E));

(9) Termination of appointment during a managerial or supervisory probationary period when the employee alleges discrimination because of partisan political affiliation or marital status (5 CFR 315.908(b));

(10) Separation, demotion, or furlough for more than 30 days, when the action was effected because of a reduction in force (5 CFR 351.901);

(11) Furlough of a career appointee in the Senior Executive Service (5 CFR 359.805);

(12) Failure to restore, improper restoration of, or failure to return following a leave of absence an employee or former employee of an agency in the executive branch (including the U.S. Postal Service and the Postal Rate Commission) following partial or full recovery from a compensable injury (5 CFR 353.304);

(13) Employment of another applicant when the person who wishes to appeal to the Board is entitled to priority employment consideration after a reduction-in-force action, or after partial or full recovery from a compensable injury (5 CFR 302.501, 5 CFR 330.209);

(14) Failure to reinstate a former employee after service under the Foreign Assistance Act of 1961 (5 CFR 352.508);

(15) Failure to re-employ a former employee after movement between executive agencies during an emergency (5 CFR 352.209);

(16) Failure to re-employ a former employee after detail or transfer to an international organization (5 CFR 352.313);

(17) Failure to re-employ a former employee after service under the Indian Self-Determination Act (5 CFR 352.707);

(18) Failure to re-employ a former employee after service under the Taiwan Relations Act (5 CFR 352.807);

(19) Employment practices administered by the Office of Personnel Management to examine and evaluate the qualifications of applicants for appointment in the competitive service (5 CFR 300.104); and

7

> (20) Reduction-in-force action affecting a career or career candidate appointee in the Foreign Service (Pub. L. 103-236, § 181(a)(2), to be codified at 22 U.S.C. 4010a).

None of these provisions applies to the current controversy.

Additionally, 5 C.F.R. § 1202.2 defines the MSPB's "original jurisdiction" to include only:

> (a) Actions brought by the Special Counsel under 5 U.S.C. 1214, 1215, and 1216;
> (b) Requests, by persons removed from the Senior Executive Service for performance deficiencies, for informal hearings; and
> (c) Actions taken against administrative law judges under 5 U.S.C. 7521.

Again, none of these provisions applies to this controversy.

22 U.S.C. § 1474(1) was not designed to effectuate or uphold the merit promotion principles embodied in and imposed by the CSRA and enforceable before the MSPB. The statute was intended, in the words of the Senate Report that accompanied a 1979 Amendment to 22 U.S.C. 1474(1) (see Administrative Record at 103), to "obtain permission for aliens to [perform the work of preparing and producing foreign language programs] when Americans are not available." As such, 22 U.S.C. § 1474(1) is merely an exception to the policy against hiring non-citizens to certain federal position, driven by restrictive language that has been built into every appropriations law since 1939, and strengthened by Executive Order 11935 (September 2, 1976),[4] both of which are independent of the CSRA.

---

[4] For the Office of Personnel Management's Explanation of the source of the restriction on hiring non-U.S. citizens to federal employment, see http://www.opm.gov/employ/html/Citizen.asp.

8

As demonstrated here, the present controversy does not arise from the CSRA or any of its provisions, was not contemplated as a "prohibited personnel practice" under the CSRA and was not assigned to the MSPB for determination. Since the CSRA does not apply and since this Court's jurisdiction under the Administrative Procedures Act is otherwise not in dispute, pursuant to 5 U.S.C. § 702,[5] the Defendant's motion to dismiss should be denied. *See Worthington*, 168 F.3d at 27 ("because Worthington's claim is not within the coverage of the CSRA and because it otherwise falls within the jurisdictional grant of the Tucker Act, the Court of Federal Claims has jurisdiction to adjudicate this dispute.").

## 2. The Motion to Dismiss Class Claims Has Been (Conditionally) Withdrawn

The Defendant has agreed, subject to the Court's granting of Plaintiffs' Unopposed Motion to Extend Time to File the Motion Required by Local Rule 23.1(b), to withdraw the portion of its Motion to Dismiss seeking to strike the Plaintiffs' class

---

[5] The Statute reads, in full:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

claims. *See Joint Notice Regarding Defendant's Motion to Strike Class Claims.* Therefore, the Plaintiffs respectfully submit that the Defendant's Motion to Strike the Class Claims may be moot, but they request that they be given the opportunity to oppose the Defendant's motion to strike class claims in the event the Court denies the Unopposed Motion to Extend Time to File the Motion Required by Local Rule 23.1(b).

## **CONCLUSION**

Because this Court has jurisdiction over the Plaintiffs' claims, and because the Defendant has withdrawn (conditionally) its Motion to Strike the Class Claims, the Defendant's Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, to Strike the Class Claims should be dismissed in its entirety.

Respectfully Submitted,

/s/_____
Leslie D. Alderman III (D.C. Bar No. 477750)
ALDERMAN, DEVORSETZ & HORA PLLC
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036
Tel. 202-969-8220
Fax 202-969-8224
lalderman@adhlawfirm.com

Counsel for the Plaintiffs

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CAMILLE GROSDIDIER, ) | |
| ) | |
| Personally and as class representative, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 06-622C |
| v. ) | (Judge George W. Miller) |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction. As we establish below, the Court lacks subject matter jurisdiction to consider the Back Pay Act and the Civil Service Reform Act claims raised in this matter. In support of our motion, we rely upon the complaint, the following memorandum of law, and the attached appendix.

ISSUE PRESENTED

Whether this Court lacks subject matter jurisdiction to entertain plaintiff's Back Pay Act And Civil Service Reform Act claims.

STATEMENT OF THE CASE

I.  Nature Of The Case

Plaintiff, Camille Grosdidier, brings this action upon her behalf, and upon behalf of those similarly situated, pursuant to the Tucker Act, 28 U.S.C. § 1491; the Back Pay Act, 5 U.S.C. § 5596; the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2302; and 22 U.S.C. §1474(1). Ms. Grosdidier claims that the Broadcasting Board of Governors ("BBG") engaged in a

prohibited personnel practice when it appointed non-United States citizens to positions for which Ms. Grosdidier, a United States citizen, claims she was suitably qualified and, therefore, should have been appointed to in accordance with 22 U.S.C. § 1474(1).  Comp. ¶¶16, 21.

II.     Statement Of Facts[1]

Ms. Grosdidier was first employed by the Voice of America ("VOA") in 1987 as a non-supervisory International Radio Broadcaster ("IRB") with the French to Africa Branch.  On May 10, 2002, a supervisory IRB position in the French to Africa Branch was advertised under Vacancy Announcement IBB-1-02-120.  See Exhibit 1, Vacancy Announcement IBB-1-02-120 package.  Ms. Grosdidier, as well as three other candidates, submitted an application package.  Id.  An independent panel rated each application package.  Id.  Henry Francisque received the highest rating and was recommended for the position by the panel.  Id.  Claude Porsella selected Mr. Francisque for the position.  Id.  Subsequently, Ms. Grosdidier filed a formal complaint of discrimination, in which she alleged that she was discriminated against upon the basis of gender and reprisal when she was not selected for the position.  Id.  Ms. Grosdidier's complaint was ultimately considered by an administrative judge ("AJ") of the Equal Employment Opportunity Commission ("EEOC"), who issued a decision in the BBG's favor.  Id.  Ms. Grosdidier did not appeal from the AJ's decision to the full EEOC or to a federal district court.

On February 3, 2006, an International Broadcaster ("IB") position in the French to Africa Branch was advertised under Vacancy Announcement M/P-06-27.  See Vacancy Announcement M/P-06-27 packet, attached hereto as Exhibit 2.  Ms. Grosdidier, as well as five other candidates,

---

[1] For the purposes of this motion only, we assume that the facts stated in the complaint are true.  Should our motion be denied, we reserve the right to contest the facts alleged in the complaint

submitted an application package. Id. An independent panel rated each applicant based upon an interview and a review of the application packages. Id. Timothee Donagmaye received the highest rating and was recommended for the position by the panel. Id. Idirssa Dia selected Mr. Donagmaye for the position. Id. On July 5, 2006, Ms. Grosdidier filed another formal complaint of discrimination with the BBG in which she alleged that she was discriminated against upon the basis of race (white), gender (female), national origin (American), and reprisal when she was not selected for the position. Id. Ms. Grosdidier's current discrimination complaint claim also contains allegations that the BBG violated 22 U.S.C. § 1474(1) when it selected Mr. Donagmaye, a non-citizen, for the position. Id. Neither of the above referenced discrimination complaints were filed, or processed, as a mixed case before the Merit Systems Protection Board ("MSPB").

On September 7, 2006, Ms. Grosdidier filed a complaint in this Court. In her complaint, Ms. Grosdidier sets forth the same claims that she has raised in her discrimination complaints. Ms. Grosdidier has never sought a determination from the BBG, the Merit Systems Protection Board, or other Federal court, as to whether the BBG engaged in a prohibited personnel practice when it failed to appoint her to the positions for which she applied, or when the BBG appointed non-citizens to positions for which there were qualified United States citizen applicants.

SUMMARY OF ARGUMENT

Ms. Grosdidier's complaint, seeking a determination by this Court that the BBG engaged in prohibited personnel practices, and relief pursuant to the Back Pay Act, and the Civil Service Reform Act, plainly fall outside the scope of this Court's subject matter jurisdiction and, accordingly, should be dismissed.

ARGUMENT

I.     Standard Of Review

A plaintiff bears the burden of establishing jurisdiction.  See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998).  When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true, and must draw all reasonable inferences in the non-movant's favor.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  If the undisputed facts reveal any possible basis upon which the non-moving party might prevail, the Court must deny the motion.  Id.  If, however, the motion challenges the truth of the jurisdictional facts alleged in the complaint, the Court may consider relevant evidence in order to resolve the factual dispute.  Harbuck v. United States, 58 Fed. Cl. 266, 267 (2003) aff'd, 378 F.3d 1324 (Fed. Cir. 2004) (citing Rocovich v. United States, 933 F.2d 911, 994 (Fed. Cir. 1991); Lewis v. United States, 32 Fed. Cl. 59, 62 (1994)).

II.    This Court Does Not Possess Jurisdiction To Make Determinations Of Prohibited Personnel Practices Or Grant Relief Pursuant To The Civil Service Reform Act Or The Back Pay Act.

Ms. Grosdidier relies upon the Civil Service Reform Act, 5 U.S.C. § 2302, the Back Pay Act, 5 U.S.C. § 5596, and the Broadcasting Board of Governor's hiring authority pursuant to 22 U.S.C. 1474(1), as a basis for this Court's Tucker Act jurisdiction.  Because the Court of Federal Claims is a court of limited jurisdiction, all claims brought before the Court must strictly satisfy the elements of its jurisdictional statute.  The underlying remedial statute upon which Tucker Act jurisdiction in based must be facially interpreted as mandating compensation by the Federal Government for damages sustained to an injured party.  Shelleman v. United States, 9 Cl. Ct. 452, 455 (1986).  Where operative elements of the Tucker Act are not satisfied, the Court

is without subject matter jurisdiction to review the substantive issues raised.  Id.

The obligation to pay compensation under the Back Pay Act specifically, and the Civil Service Reform Act generally, is dependent upon a prior determination by an appropriate authority that the personnel action complained of was prohibited.  Id at 456.  In other words, the Back Pay Act and the Civil Service Reform Act are derivative in their reliance upon other regulations and statutes to establish the jurisdiction of the Court of Federal Claims.  Id.  Thus, derivative statutes do not, ipso facto, create a viable right of action in the Court of Federal Claims.  Id.  A plaintiff must, therefore, demonstrate that an appropriate authority determined that the personnel action claimed was in fact a prohibited personnel practice.  Id.  The Supreme Court has held that the Court of Federal Claims (and any other court relying upon Tucker Act jurisdiction) is not an "appropriate authority" to review an agency's personnel determinations.  United States v. Fausto, 484 U.S. 439, 454 (1988).  Rather, the appropriate authority includes the Federal agency engaged in the alleged prohibited action, or the Merit Systems Protection Board.  Id.

Significantly, this Court has repeatedly held that the MSPB possesses exclusive jurisdiction with respect to Federal personnel actions.  "The CSRA effected a sweeping reorganization of the Civil Service System such that the MSPB became the primary and sole vehicle for adjudicating an employee's allegations of prohibited personnel practice at the first instance.  Shelleman, 9 Cl. Ct. at 457-58.  See also Berry v. United States, 27 Fed. Cl. 96 (1992); Conteras v. United States, 64 Fed. Cl. 583 (2005).  If a plaintiff has a right of action at the MSPB, that right consequently forecloses the plaintiff's right to bring a cause of action in the Court of Federal Claims.  Shelleman, 9 Cl. Ct. at 458.

Under the CSRA, both Federal employees and applicants to Federal positions have the

right to file an action with the MSPB that alleges that a Federal Agency engaged in a prohibited personnel action, including prohibited actions involving promotions and appointments. 5 U.S.C. §§ 2301(b)(2), 2302(a)(2)(A)(i-ii). Here, since Ms. Grosdidier is a Federal employee, and the alleged prohibited personnel actions involve promotions to new positions, Ms. Grosdidier has a right of action with the MSPB. Since Ms. Grosdidier has a right of action before the MSPB, she is foreclosed from pursuing her claim in this Court. Ms. Grosdidier has never filed a complaint or mixed action complaint with the MSPB regarding the alleged prohibited personnel actions.

Even assuming that Ms. Grosdidier claims that the Tucker Act jurisdiction is based solely upon the BBG's alleged violation of its hiring authority pursuant to 22 U.S.C. § 1474(1), this Court would still be without subject matter jurisdiction. As stated above, this Court's jurisdiction rests upon an underlying statute that upon its face mandates compensation for damage sustained by an injured party. Shelleman, 9 Cl. Ct. at 455. Because 22 U.S.C. § 1474(1), does not contain any provision that can be facially interpreted as requiring compensation in the event the BBG incorrectly appointed a non-citizen in place of citizen, this Court does not possess subject matter jurisdiction to entertain Ms. Grosdidier's claim.

Likewise, the class claims alleged fail for the same reasons discussed above. Clearly if Ms. Grosdidier's claim does not meet the subject matter jurisdiction requirements of this Court, any class claims suffer from the same defects and, accordingly, should be dismissed.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.[2]

---

[2] In the event the Court denies our motion to dismiss the complaint, we respectfully request 30 days from the date of such denial within which to file our answer to the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:

ELIZABETH PARISH
Assistant General Counsel
Office of General Counsel
Broadcasting Board of Governors
The Cohen Building
330 Independence Ave., SW
Washington, D. C. 20237

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
    Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

December 13, 2006

Attorneys for Defendant